UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:12-CV-62097-WPD/SNOW

| | |
|---|---|
| WI-LAN INTERNATIONAL TAIWAN INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| HON HAI PRECISION INDUSTRY CO. LTD., | ) ) ) ) |
| Defendant. | ) ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Wi-LAN International Taiwan Inc. ("Wi-LAN" or "Plaintiff"), by its undersigned counsel, hereby sues Defendant Hon Hai Precision Industry Co. Ltd. ("Hon Hai" or "Defendant"), and alleges the following on knowledge as to itself and on information and belief as to all other matters:

**RESERVATION OF RIGHTS**

1.      On October 1, 2012, Wi-LAN filed its initial Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida ("Complaint"), Case No. 12-27589, for breach of contract against Hon Hai. The Complaint alleges that Hon Hai failed to pay royalties owing to Wi-LAN under a license agreement relating to "V-Chip Receivers" (the "V-Chip Agreement"). (D.E. 1 Ex. A).

2.      On October 24, 2012, Hon Hai filed a Notice of Removal to this Court, claiming federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338. Defendant's jurisdictional allegation is not based on the well pleaded allegations of Wi-LAN's Complaint. Rather, it is

1

based on Hon Hai's defense that it is not in breach of the V-Chip Agreement because the definition of "V-Chip Receiver" in the V-Chip Agreement is purportedly limited to V-Chip Receivers that practice U.S. Patent No. 5,828,402 (the "'402 patent"). (D.E. 1 at ¶ 16). On this basis, Hon Hai argues, "[b]ecause a determination of patent infringement is a necessary element of Plaintiff's breach of contract action, it arises under the patent laws and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338." (D.E. 1 at ¶ 17).

3. Wi-LAN disputes Hon Hai's interpretation of the V-Chip Agreement and contends instead that Hon Hai's royalty obligations extend to certain defined V-Chip Receivers, whether or not they infringe the '402 patent. Wi-LAN's breach of contract claim is specifically directed to these defined V-Chip Receivers, and does not rely on the '402 patent or on any portion of the V-Chip Agreement that references the '402 patent. Wi-LAN intends to file a Motion for Remand shortly.

4. The Seventeenth Judicial Circuit in and for Broward County, Florida has subject matter jurisdiction over this matter because Wi-LAN's breach of contract claim against Hon Hai presents issues purely of state law which do not require the application of federal patent law to resolve. Wi-LAN's First Amended Complaint is solely for the purpose of providing more detail as to its allegations of personal jurisdiction in Florida, and is filed without prejudice to Wi-LAN's Motion for Remand and its contention that this Court lacks subject matter jurisdiction over Wi-LAN's breach of contract claim against Hon Hai.

**JURISDICTION AND VENUE**

5. This is an action for breach of contract. The amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

6. Plaintiff is a corporation organized and existing under the laws of Canada with its principal place of business at 11 Holland Avenue, Suite 608, Ottawa, Ontario, ONK1Y 4S1,

Canada. Wi-LAN is the assignee of all rights originally held by Wi-LAN V-Chip Corporation under the V-Chip Agreement.

7. Defendant is a Taiwanese company having its principal place of business at 2 Tze-Yu Street, Tu-Cheng Industrial District, Taipei Hsien, 23644, Taiwan, Republic of China.

8. As alleged below, Defendant Hon Hai operates, conducts, engages in and/or carries on business or business ventures in the State of Florida, and also has an office or agency located within the State of Florida. Defendant Hon Hai's business activities in the State of Florida are systematic, continuous, substantial and not isolated.

9. Defendant Hon Hai has been authorized by the Secretary of State of Florida to transact business in Florida since 2003 and has been assigned Document Number F03000005373 by the Secretary of State. (Exhibit A). Defendant Hon Hai also has a registered agent in Florida: CT Corporation System, 1200 South Pine Island Road, Plantation, Broward County, Florida, 33324. (*Id.*)

10. According to Hon Hai's website, [www.fih-foxconn.com/about/HONHAIprofile.aspx](www.fih-foxconn.com/about/HONHAIprofile.aspx) (Exhibit B), Hon Hai is "also known as" Foxconn and is the "anchor" company for the Foxconn Technology Group ("Foxconn"). (*See also* Exhibit C, [http://www.foxconn.com/CompanyIntro.html](http://www.foxconn.com/CompanyIntro.html)). Hon Hai maintains and controls the content published on [www.fih-foxconn.com/about/HONHAIprofile.aspx](www.fih-foxconn.com/about/HONHAIprofile.aspx) and [http://www.foxconn.com/CompanyIntro.html](http://www.foxconn.com/CompanyIntro.html).

11. Foxconn is the world's largest contract manufacturer of electronic components and, on information and belief, makes, markets and sells the V-Chip Receivers at issue in this litigation. (*See* Exhibits B and C).

12. Hon Hai/Foxconn operates through a complex web of closely interrelated companies that are commonly controlled by Terry Gou, the current CEO and Chairman of Foxconn and the founder of Hon Hai.  (*See* Exhibits B and C).

13. Hon Hai/Foxconn holds itself out to the public as a single entity for business purposes as evidenced by the following examples:

- a. A Google search for Hon Hai leads to www.foxconn.com/ and www.fih-foxconn.com.  (*See* Exhibit D).

- b. The logo on http://www.foxconn.com/ flashes back and forth between Hon Hai and Foxconn.

- c. There is no separate website for Hon Hai.  Rather, the "Hon Hai Profile" appears on www.fih-foxconn.com (*see* Exhibit B), and contains numerous statements that conflate Hon Hai with Foxconn, *e.g.*, "Hon Hai Precision Industry Ltd., also known as Foxconn, is the largest and fastest growing multinational that provides joint-design, joint-development, manufacturing, assembly and after-sales services for global Computer, Communication and Consumer-electronics ("3C") leaders;" and "[d]ue to the group's vertical integration and integration of mechanical and electrical engineering, Foxconn Technology Group possesses the competitive advantage in speed, quality, engineering services, flexibility and cost."  (*See id.; see also* Exhibit C).

- d. Various Foxconn entities are listed as "Hon Hai Group Compan[ies]"  (Exhibit E, http://www.fih-foxconn.com/about/HONHAIGroupCompany.aspx).

- e. Hon Hai employees, including those involved in the negotiation of the V-Chip Agreement, have email addresses with the domain of "foxconn.com."  On information and belief, at least some of the people who participated in the negotiation of the V-Chip Agreement were employees of Foxconn.  Said individuals include: pyang@foxconn.com, serena.pl.sun@foxconn.com, Max.hm.lin@foxconn.com, joey.hu.huang@foxconn.com, youko.chen@foxconn.com and lyn.ly.chen@foxconn.com.

- f. Hon Hai has admitted in previous court filings that it does business in the United States under the trade name FOXCONN. (Exhibits F at ¶ 3, G at ¶ 3, H at ¶ 4 and I at ¶ 4).

- g. Foxconn acted as Hon Hai's agent in applying for authorization to transact business in Florida.  (Exhibit J).

4

14. Hon Hai/Foxconn engages in business in Florida, including within this judicial district, as evidenced by the following examples:

    a. Hon Hai admits that "sometimes [it] ships products to warehouses in Florida at the requests of its customers." (D.E. 7-1 at ¶ 11).

    b. The Hon Hai/Foxconn application to transact business in Florida states that Hon Hai/Foxconn sought Florida registration because it intended to engage in "distribution" within Florida. (Exhibit J at p. 4 of 7, line 8).

    c. One of the Hon Hai/Foxconn websites expressly indicates that Hon Hai/Foxconn has a presence in Florida. (Exhibit K, http://www.fih-foxconn.com/global/GlobalPresence.aspx). Indeed, Florida is identified as the *only* location on the Hon Hai/Foxconn global presence chart that is within the United States.

    d. S&B Industry Inc. and Sutech Industry Inc. are each located in Florida. (D.E. 7 at pp. 4-5). They are wholly owned subsidiaries of the Foxconn Technology Group, which are indirect, wholly owned subsidiaries of Hon Hai. (*Id.*).

    e. Through its wholly owned subsidiaries, S&B Industry Inc. and Sutech Industry Inc., Hon Hai/Foxconn own or lease property in the state of Florida and conduct business at 1551 Sawgrass Corporate Parkway, Sunrise, Broward County, Florida, 33323. (D.E. 7 at pp. 4-5). Foxconn is identified as the owner of this premises according to an August 15, 2008 Broward County Notice of Commencement concerning construction. (Exhibit M).

    f. Hon Hai/Foxconn has paid workers compensation insurance in Florida, evidencing that it has employees in Florida. (Exhibit N).

    g. On information and belief, employees working at the 1551 Sawgrass location have received compensation and/or bonuses in the form of shares of stock of Hon Hai/Foxconn.

    h. On information and belief, the Hon Hai/Foxconn employees working at the 1551 Sawgrass location participate in the Hon Hai/Foxconn 401(k) plan. (Exhibit O).

    i. On information and belief, V-Chip Receivers manufactured by or on behalf of Hon Hai, including the model referenced in Appendix A to the V-Chip Agreement, are sold in Ft. Lauderdale through at least Best Buy, Inc.

15. Venue is proper in Broward County, Florida under section 47.051, FLA. STAT. (2012). This Court also has personal jurisdiction over Defendant under Section 48.193(1) and 48.193(2) of the Florida Long Arm Statute.

**FACTUAL BACKGROUND**

16. Effective January 22, 2008, Wi-LAN V-Chip Corporation and Hon Hai entered into the V-Chip Agreement concerning "V-Chip Receivers." The V-Chip Agreement is annexed hereto as Exhibit L.

17. As defined in the V-Chip Agreement, V-Chip Receivers include:

> a receiver capable of: (1) blocking programming in accordance with 47 CFR 15.120(e), as amended; and (2) receiving a transport stream, which includes program rating system information, such as, by way of example only and without limitation, an ATSC signal such as any digital television receiver, set-top box, DVD recorder, desktop or notebook computer or other digital products containing an ATSC tuner.

(Exhibit L at § 1.1).

18. The V-Chip Agreement recites that it is governed by New York law. (Exhibit L at § 13.1).

19. The V-Chip Agreement requires Hon Hai to pay royalties to Plaintiff and to submit and maintain appropriate records for V-Chip Receivers sold by Hon Hai in the United States of America and its territories and possessions (the "Territory"). (Exhibit L at §§ 3.6, 1.2).

20. Section 3.6 of the V-Chip Agreement further requires Defendant to pay royalties and submit reports for Defendant's "models identified in Appendix 'A'" to the V-Chip Agreement, including, without limitation, any LCD TV bearing model number "VW26L HDTV20F." (Exhibit L at § 3.6 and Appendix A).

21. The royalties required by the V-Chip Agreement are either a fixed amount or a percentage of the Net Selling Price, whichever is less, for each V-Chip Receiver made by or on behalf of Licensee and which is sold in the Territory. (Exhibit L at § 3.1(a)). Such royalties are to be paid quarterly, with "each royalty payment to be for all V-Chip Receivers made by or on

behalf of Licensee, and sold in the Territory during the calendar quarter in question." (Exhibit L at § 3.2).

22. The V-Chip Agreement further specifies that each royalty payment must

> be accompanied by a report . . . showing the number of V-Chip Receivers made by or on behalf of Licensee, and sold in the Territory during the period in question, the Net Selling Price of each such V-Chip Receiver, the brand under which each such V-Chip Receiver was sold, particulars of any new V-Chip Receiver models introduced into the market or terminated during the quarter in question (and if neither event occurred, a statement to this effect), and particulars of all returns of V-Chip Receivers during the quarter for which credit was given, such report to be signed and verified as correct to the best knowledge of an officer of Licensee who has personal knowledge thereof.

(Exhibit L at § 3.2).

23. The V-Chip Agreement also obligates Hon Hai to furnish these "reports . . . to Wi-LAN quarterly whether or not any V-Chip Receivers have been sold during the quarter in question by Licensee." (Exhibit L at § 3.4).

24. Hon Hai is also obligated to pay Wi-LAN royalties and provide Wi-LAN with a royalty report "with respect to all V-Chip Receivers made by or on behalf of Licensee and sold in the Territory prior to the Effective Date" of the V-Chip Agreement. (Exhibit L at § 4.1).

25. In addition, the V-Chip Agreement requires Defendant to submit to an accounting or audit for those "books and records which are directly related to V-Chip Receivers which have been reported quarterly to Wi-LAN" to "verify the accuracy of the royalty payments and reports." (Exhibit L at §§ 5.1 – 5.5).

26. Hon Hai has implicitly acknowledged its obligation to pay royalties to Wi-LAN under the V-Chip Agreement by submitting certain royalty reports and royalty payments to Wi-LAN in the past. Hon Hai has, however, failed to submit the complete royalty reports required by the V-Chip Agreement and has not paid Wi-LAN the full amount of royalties owed under the

V-Chip Agreement, necessitating the initiation of this action. In particular, while Hon Hai has paid certain royalties for 2008, it has not paid any royalties for 2009 to the present, or for any sales of V-Chip Receivers in the Territory prior to January 22, 2008.

## **COUNT I – FOR BREACH OF CONTRACT**

27. Plaintiff repeats and realleges Paragraphs 1 through 26 above as if fully set forth herein.

28. This is an action for breach of contract, which seeks damages in excess of $5,000,000.

29. As alleged in detail above, the V-Chip Agreement requires Hon Hai to pay royalties to Wi-LAN and to submit and maintain appropriate records for V-Chip Receivers sold by Hon Hai in the Territory. (Exhibit L at §§ 3.6, 1.2).

30. Plaintiff has performed its obligations under the V-Chip Agreement.

31. Defendant has failed and refused to perform fully its payment and reporting obligations under the V-Chip Agreement.

32. As a result of the foregoing, Hon Hai has breached the V-Chip Agreement.

33. Plaintiff has been damaged as a result of Hon Hai's breach.

WHEREFORE, Plaintiff prays that this Honorable Court accept jurisdiction of the subject matter and parties and award Plaintiff the royalty amounts owed under the V-Chip Agreement, as well as an accounting with respect to Hon Hai's sales of V-Chip Receivers sold in the Territory at any time prior to January 22, 2008 to the date of Judgment, along with prejudgment interest, costs, and such other and further relief as the Court determines is appropriate.

*Attorneys for Plaintiff Wi-LAN International Taiwan Inc.*

**CARLSON & LEWITTES, P.A.**

By: <u>   S/Curtis Carlson               </u>
     Curtis Carlson
     Florida Bar No. 236640
     1200 Suntrust International Center
     One Southeast Third Avenue
     Miami, Florida 33131
     Telephone: (305) 372-3500
     Facsimile: (305) 372-8265
     carlson@carlson-law.net

*Of Counsel:*

Constance S. Huttner
Stephanie Lollo Donahue
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel: (212) 237-0000
Fax: (212) 237-0100
chuttner@velaw.com
sdonahue@velaw.com

DATED:  November 21, 2012

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 21, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Edward M. Mullins
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue
16th Floor
Miami, FL 33131
(305) 372-8282
(305) 372-8202
emullins@astidavis.com

Peter J. Wied
Goodwin Procter LLP
601 South Figueroa Street
41st Floor
Los Angeles, CA 90017
(213) 426-2638
(213) 623-1673
pwied@goodwinprocter.com

By: __S/Curtis Carlson_____
     Curtis Carlson