# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HON HAI PRECISION INDUSTRY COMPANY, LTD., a Taiwan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SUYIN CO. LTD., a Taiwan corporation, and<br><br>SUYIN USA, INC., a California corporation,<br><br>Defendants. | Case No.: 2:10-cv-00437<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hon Hai Precision Industry Company, Ltd. ("Hon Hai"), for its Complaint against Suyin Co. Ltd. and Suyin USA, Inc. (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement, injunctive relief, and damages arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b), (c), and (d).

**PARTIES**

3. Plaintiff Hon Hai is a corporation organized under the laws of Taiwan, with its principal place of business at 2 Zihyou Street, Tucheng City, Taipei County, Taiwan, and does business in the United States under the tradename FOXCONN. Hon Hai's U.S. subsidiaries include Foxconn Electronics, Inc., a corporation organized under the laws of the State of California, which participates in the development, design, and production of FOXCONN

- 1 -

products throughout the United States.

4. Upon information and belief, Defendant Suyin Co. Ltd. is a corporation organized under the laws of Taiwan, with its principal place of business at 377 Fu-Teh First Road, His-Chih, Taipei Hsien, Taiwan. On information and belief, Suyin Co. Ltd. engages in manufacture and sale of electronic components and connectors that are installed in personal computers, including but not limited to computer memory connectors, central processing unit ("CPU") base sockets, and various data and power jacks, including but not limited to the following Suyin products that form the basis for Plaintiff's claims of infringement, as alleged more particularly below: SUYIN CPC mPGA989; SUYIN 29425 DDR 204, 1.5V RVS; SUYIN 29272 DDR 204, 1.5V RVS; SUYIN E2203 DDR 200, 1.8V REVE (P/N 600011FB200XX00XX); P/N 600004FB200XX13XX; SUYIN 26527 DDR 200, 1.8V RVS; SUYIN 27262 DDR-200 (P/N 600026FB200XX08XX); SUYIN DC (Power) Jack Cable Assembly identified by Suyin and/or others as P/N:6017B0258701 REV:A01 SUYIN 2010.06.17; and, other Suyin products to be identified through discovery (collectively "Accused Products"). Upon information and belief, the majority of Suyin Co. Ltd.'s products are sold to so-called "original design manufacturers" and "original equipment manufacturers" who, in turn, manufacture complete personal computer systems that are sold in the United States under brand names of other computer companies. On information and belief, Suyin Co. Ltd. does business in this Judicial District by, among other things, committing the tort of patent infringement giving rise to this case and by placing the products accused of infringement herein into the stream of commerce with knowledge and expectation that such products would end up being sold in this Judicial District, and actually supporting and aiding and abetting the sale of such products in this Judicial District, as alleged more particularly below.

5. Upon information and belief, Defendant Suyin USA, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 16148 San Canyon, Irvine, California 92618. Upon information and belief, Suyin USA is a subsidiary of Suyin Co. Ltd. and is engaged in, for example, design, offer for sale, and sale of computer

connectors and components similar to those described above. Suyin USA does business in this Judicial District by, among other things, committing the tort of patent infringement giving rise to this case.

## GENERAL ALLEGATIONS

6. Plaintiff is in the business of providing design, development, manufacturing, assembly, sale and after-sales services of electronic components to global computer, communication and consumer-electronics companies. Among the many products made and sold by Plaintiff are sophisticated connectors used to interconnect various electronic components in personal computers.

7. United States Letters Patent No. 5,882,211, attached hereto as Exhibit 1 ("the '211 Patent"), issued on March 16, 1999 and is assigned to Hon Hai. Hon Hai owned the '211 Patent throughout the period of Defendants' infringing acts described below and still owns the '211 Patent.

8. United States Letters Patent No. 6,530,798, attached hereto as Exhibit 2 ("the '798 Patent"), issued on March 11, 2003 and is assigned to Hon Hai. Hon Hai owned the '798 Patent throughout the period of Defendants' infringing acts described below and still owns the '798 Patent.

9. United States Letters Patent No. 6,623,277, attached hereto as Exhibit 3 ("the '277 Patent"), issued on September 23, 2003 and is assigned to Hon Hai. Hon Hai owned the '277 Patent throughout the period of Defendants' infringing acts described below and still owns the '277 Patent.

10. United States Letters Patent No. 6,679,717, attached hereto as Exhibit 4 ("the '717 Patent"), issued on January 20, 2004 and is assigned to Hon Hai. Hon Hai owned the '717 Patent throughout the period of Defendants' infringing acts described below and still owns the '717 Patent.

11. United States Letters Patent No. 6,695,644, attached hereto as Exhibit 5 ("the '644 Patent"), issued on February 24, 2004 and is assigned to Hon Hai. Hon Hai owned the '644

Patent throughout the period of Defendants' infringing acts described below and still owns the '644 Patent.

12. The patents above are referred to herein collectively as the "Patents-In-Suit."

## COUNT I

### Infringement of U.S. Patent 5,882,211

13. Plaintiff incorporates herein by reference each of the paragraphs above.

14. Defendants have infringed and continue to infringe one of more claims of the '211 Patent in violation of 35 U.S.C. § 271 based on one or more of the Accused Products.

15. Plaintiff has been damaged by Defendants' infringement of the '211 Patent in an amount to the determined at trial.

16. Defendants' ongoing acts of infringement are deliberate and willful, entitling Plaintiff to enhanced damages and reasonable attorneys' fees.

17. Plaintiff has been irreparably injured by Defendants' acts of infringement of the '211 Patent, and such injury will continue unless Defendants are enjoined by this Court.

## COUNT II

### Infringement of U.S. Patent 6,530,798

18. Plaintiff incorporates herein by reference each of the paragraphs above.

19. Defendants have infringed and continue to infringe one of more claims of the '798 Patent in violation of 35 U.S.C. § 271 based on one or more of the Accused Products.

20. Plaintiff has been damaged by Defendants' infringement of the '798 Patent in an amount to the determined at trial.

21. Defendants' ongoing acts of infringement are deliberate and willful, entitling Plaintiff to enhanced damages and reasonable attorneys' fees.

22. Plaintiff has been irreparably injured by Defendants' acts of infringement of the '798 Patent, and such injury will continue unless Defendants are enjoined by this Court.

## COUNT III

### Infringement of U.S. Patent 6,623,277

23. Plaintiff incorporates herein by reference each of the paragraphs above.

24. Defendants have infringed and continue to infringe one of more claims of the '277 Patent in violation of 35 U.S.C. § 271 based on one or more of the Accused Products.

25. Plaintiff has been damaged by Defendants' infringement of the '277 Patent in an amount to the determined at trial.

26. Defendants' ongoing acts of infringement are deliberate and willful, entitling Plaintiff to enhanced damages and reasonable attorneys' fees.

27. Plaintiff has been irreparably injured by Defendants' acts of infringement of the '277 Patent, and such injury will continue unless Defendants are enjoined by this Court.

### COUNT IV

### Infringement of U.S. Patent 6,679,717

28. Plaintiff incorporates herein by reference each of the paragraphs above.

29. Defendants have infringed and continue to infringe one of more claims of the '717 Patent in violation of 35 U.S.C. § 271 based on one or more of the Accused Products.

30. Plaintiff has been damaged by Defendants' infringement of the '717 Patent in an amount to the determined at trial.

31. Defendants' ongoing acts of infringement are deliberate and willful, entitling Plaintiff to enhanced damages and reasonable attorneys' fees.

32. Plaintiff has been irreparably injured by Defendants' acts of infringement of the '717 Patent, and such injury will continue unless Defendants are enjoined by this Court.

### COUNT V

### Infringement of U.S. Patent 6,695,644

33. Plaintiff incorporates herein by reference each of the paragraphs above.

34. Defendants have infringed and continue to infringe one of more claims of the '644 Patent in violation of 35 U.S.C. § 271 based on one or more of the Accused Products.

35. Plaintiff has been damaged by Defendants' infringement of the '644 Patent in an

amount to the determined at trial.

36. Defendants' ongoing acts of infringement are deliberate and willful, entitling Plaintiff to enhanced damages and reasonable attorneys' fees.

37. Plaintiff has been irreparably injured by Defendants' acts of infringement of the '644 Patent, and such injury will continue unless Defendants are enjoined by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and enter the following relief:

A. Enter judgment that Defendants have infringed the Patents-In-Suit;

B. Declare that Defendants' ongoing acts of infringement are deliberate and willful;

C. Temporarily, preliminarily and permanently enjoin Defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from infringing the Patents-in-Suit;

D. Order Defendants to account for and pay to Plaintiff all damages caused by Defendants' infringement of the Patents-In-Suit;

E. Declare that this is an exception case pursuant to 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees;

F. Award enhanced damages based on the willful and wanton nature of Defendants' conduct;

G. Award Plaintiff interest and costs incurred in this action;

H. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Dated: October 15, 2010   Respectfully submitted:

By: _____

    E. Patrick Ellisen
    California State Bar No. 142033
    GREENBERG TRAURIG, LLP
    1900 University Avenue, 5th Floor
    East Palo Alto, California 94303
    Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
    Email: ellisenp@gtlaw.com

And

Of Counsel:

Mark G. Chretien
Texas State Bar No. 24036364
Anthony F. Matheny
Texas State Bar No. 24002543
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77021
Telephone: (713) 374-3583
Facsimile: (713) 754-7583

Of Counsel:

James W. Soong
California State Bar No. 196092
Daniel T. McCloskey
California State Bar No. 191944
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
(Applications for admission pro hac vice will be filed)

Of Counsel:

Lucky Vidmar
California State Bar No. 241120
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400

Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
(Application for admission pro hac vice will be filed)

                                  **ATTORNEYS FOR PLAINTIFF**
                                  **HON HAI PRECISION INDUSTRY**
                                  **COMPANY, LTD.**

- 8 -