UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

WI-LAN INTERNATIONAL TAIWAN, INC.,

      Plaintiff,

- vs -

HON HAI PRECISION INDUSTRY CO., LTD.,

      Defendant.
_____/

**DEFENDANT HON HAI PRECISION INDUSTRY CO., LTD.'S
MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai") respectfully moves to dismiss Plaintiff Wi-LAN International Taiwan, Inc.'s ("Plaintiff" or "Wi-LAN") First Amended Complaint (D.E. 16) ("Complaint") for lack of personal jurisdiction.[1] This motion should be granted for the reasons set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

I.    Introduction

As Hon Hai has argued in its Renewed Motion to Transfer filed simultaneously herewith, this action has no connection to the State of Florida and should be transferred to the State of New York. Moreover, this action should not have been brought in this State in any event as personal

---

[1] Hon Hai previously moved to dismiss this case in a consolidated motion with its motion to transfer directed to the original Complaint (D.E. 7). After the Plaintiff amended its Complaint as of right, this Court denied the consolidated motion without prejudice as moot because the consolidated motion was not targeted to the Amended Complaint. (D.E. 20). This Court specifically stated it was not addressing the merits. Id.

jurisdiction is lacking over Defendant Hon Hai. Notably, this Court need not reach the personal jurisdiction issue if it grants Hon Hai's motion to transfer to the Southern District of New York, where the parties agreed in their operative agreement was a convenient place to litigate any disputes arising from the agreement.

If this Court does reach the personal jurisdiction issue, this motion to dismiss for lack of personal jurisdiction should be granted. Plaintiff, a Canadian corporation, has brought a breach of contract action against Hon Hai, a Taiwanese company, in connection with a contract governed by New York law. Plaintiff can only prevail on its contract claim if it can show that Hon Hai's products infringe its patent, which is unlikely given that Judge Kaplan of the United States District Court, Southern District of New York found no infringement of Wi-LAN's patent in a separate lawsuit involving products that are virtually identical to Hon Hai's products in all relevant respects. Plaintiff attempts to string together a smattering of activities by various different companies, some of which use the trade name "Foxconn," to create the appearance of a single entity, which Plaintiff then asserts is Hon Hai. The "Hon Hai/Foxconn" described by Plaintiff, however, does not exist.

While Plaintiff's First Amended Complaint attempts to fix the blatantly insufficient allegations of the original complaint, Plaintiff's scattershot of allegations does not establish that Hon Hai has the consistent, continuous, and substantial contacts with the state of Florida necessary to support general jurisdiction. Further, the limited contacts Hon Hai may have with Florida are not related to the matter in dispute, and thus these limited contacts are inadequate to support specific jurisdiction either under Florida's long-arm statute or constitutional Due Process considerations. Accordingly, the Court should dismiss this action against Hon Hai for lack of personal jurisdiction.

## II.  Standard Governing Motions to Dismiss for Lack of Personal Jurisdiction

### A.  Burden of Proof

The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. See Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). This may be done "by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193." Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)). Florida's long-arm statute must be strictly construed. See Seabra v. Int'l Specialty Imp., Inc., 896 So. 2d 732, 733 (Fla. 4th DCA 2004).

If Plaintiff adequately has pled a basis for jurisdiction, the Court then must consider Hon Hai's affidavits, which "contest[] the essential jurisdictional facts of the plaintiff's complaint." Hilltopper Holding, 955 So. 2d at 601; see also Acquadro v. Bergeron, 851 So. 2d 665, 672 (Fla. 2003). In doing so, the Court must take the facts contained in those supporting affidavits as true. See Capital One Fin. Corp. v. Miller, 709 So. 2d 639, 640 (Fla. 2d DCA 1998); see also Acquadro, 851 So. 2d at 672. When, as here, the defendant's affidavits are "legally sufficient" to contest the asserted basis for jurisdiction, "the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists." Hilltopper Holding, 955 So. 2d at 602.

### B.  Law of Personal Jurisdiction

As both the United States Supreme Court and the Florida courts acknowledge, the requirements of due process differ for specific jurisdiction (section 48.193(1)) and general jurisdiction (section 48.193(2)). See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (courts "have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction"); Canale v. Rubin, 20 So. 3d 463, 465-66

(Fla. 2d DCA 2009). For either type of jurisdiction, Plaintiff first must show "that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [Florida Long Arm] statute." Dean v. Johns, 789 So. 2d 1072, 1075 (Fla. 1st DCA 2001). If Plaintiff alleges and can establish jurisdictional facts falling within a provision of the Florida Long Arm statute, it must then show that the exercise of jurisdiction over Hon Hai does not offend constitutional due process requirements. See Garris v. Thomasville-Thomas County Humane Soc'y, 941 So. 2d 540, 545 (Fla. 1st DCA 2006).

Personal jurisdiction pursuant to Florida Statute section 48.193(1) is a form of specific jurisdiction that applies to "any cause of action arising from" doing any of the enumerated acts. Fla. Stat. Ann. §48.193(1)(2012). There must a link between the cause of action and the activities of the defendant in Florida. Schwartzberg v. Knobloch, 98 So. 3d 173, 178 (Fla. 2d DCA 2012). This requires a "direct affiliation, nexus, or substantial connection to exist between the basis for the plaintiffs' cause of action and the defendants' business activity in the state." Gadea v. Star Cruises, Ltd., 949 So. 2d 1143, 1149-50 (Fla. 3d DCA 2007). Even if such "connexity" exists, plaintiff must still show that the defendant has sufficient minimum contacts with Florida to satisfy due process concerns. Schwartzberg, 98 So. 3d at 178.

Plaintiff's First Amended Complaint (unlike its original complaint) also asserts general jurisdiction over Hon Hai pursuant to Florida Statute section 48.193(2). General jurisdiction, while not requiring a link to the cause of action, requires an extremely high degree of contact with the forum state. Caiazzo v. Am. Royal Arts Corp., 73 So. 3d 245, 259 (Fla. 4th DCA 2011) ("The continuous and systematic general business contacts sufficient to confer general jurisdiction present a much higher threshold than those contacts necessary to support specific jurisdiction[.]") (quoting Trustees of Columbia Univ. v. Ocean World, S.A., 12 So. 3d 788, 792 (Fla. 4th DCA 2009)) Only "when [defendant's] affiliations with the State are so 'continuous

and systematic' as to render them essentially at home in the forum State" can such personal jurisdiction be imposed. Goodyear, 131 S. Ct. at 2851 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). The allegation that Hon Hai is licensed to do business and has a registered agent in Florida clearly are insufficient as a matter of law to establish general personal jurisdiction. See Sofrar, S.A. v. Graham Eng'g Corp., 35 F.Supp. 2d 919, 921 (S.D. Fla. 1999) (finding no general jurisdiction even though defendants appointed an agent for service of process and were registered to do business in Florida).

### III.   Statement of Facts Establishing Lack of Personal Jurisdiction

Hon Hai is a Taiwanese corporation with its principal place of business in Taiwan. See Declaration of Kevin Pai ("Pai Decl."), ¶2.[2] Hon Hai does not maintain any offices or facilities in Florida. Pai Decl. ¶ 8. It does not have any employees based in Florida. Id. Hon Hai does not have any bank accounts or real estate in Florida. Id. ¶ 9.

The "Foxconn" entities located at 1551 Sawgrass Corporate Parkway are S&B Industry Inc. and Sutech Industry Inc. Declaration of Nai-Pin Hsiung ("Hsiung Decl.") ¶7.[3] S&B Industry and Sutech Industry operate as separate companies from Hon Hai. Hsiung Decl. ¶¶ 4-6. S&B Industry and Sutech Industry maintain separate books and records from Hon Hai, and have separate board meetings. Hsiung Decl. ¶4. S&B Industry and Sutech Industry own or lease property in their own names. Hsiung Decl. ¶5. Hon Hai is not involved in the day-to-day operations of S&B Industry and Sutech Industry. Hsiung Decl. ¶6

S&B Industry and Sutech Industry are indirect, wholly owned subsidiaries of Foxconn International Holdings ("FIH"). Hsiung Decl. ¶2. FIH is a public company, with its shares listed

---

[2] The first Declaration of Kevin Pai is attached hereto as **Exhibit A** and incorporated herein by reference (previously filed in this proceeding as D.E. 7-1).
[3] The first Declaration of Nai-Pin Hsiung is attached hereto as **Exhibit B** and incorporated herein by reference (previously filed in this proceeding as D.E. 7-2).

on the Hong Kong Stock Exchange. Pai Decl. ¶3. FIH operates as a separate company from Hon Hai. Id. ¶¶5-6. Hon Hai does not control the day-to-day operations of FIH, or any of FIH's subsidiaries. Id. ¶7.

Multiple companies may use the trade name "Foxconn" in their business activities, but each company has a distinct corporate structure. See Second Declaration of Kevin Pai ("Pai 2nd Decl."), ¶2.[4] The term "Foxconn" does not refer to any specific legal entity. Pai 2nd Decl. ¶3.

## IV. Argument

### A. Plaintiff Has Not Satisfied Either the Florida Statute or Due Process Requirements for the Exercise of General Jurisdiction Over Hon Hai

Plaintiff has not established the existence of general jurisdiction over Hon Hai either under due process requirements or Section 48.193(2) of Florida's long-arm statute. While the requirement to satisfy a state's long-arm statute is normally separate from the requirement to satisfy due process, in this case the test for general jurisdiction under federal due process concerns is the same as the test for jurisdiction under Section 48.193(2) of Florida's long-arm statute. "Because substantial, continuous, and systematic business contacts is the standard for both sub-section (2) of Florida's long-arm statute [§ 48.193] and the due process requirement of general jurisdiction," Caiazzo, 73 So. 3d at 252, these conceptually distinct inquiries (i.e., the long-arm statute and constitutional due process, which are normally kept separate) "merge." Garris, 941 So. 2d at 545. Thus there is no need to consider the tests separately, and failure to meet either due process concerns or the statutory requirements necessary means that the other is not met.

### 1. Hon Hai Clearly Does Not Have the Required Level of Contacts for General Jurisdiction

---

[4] The Second Declaration of Kevin Pai is attached hereto as **Exhibit C** and incorporated herein by reference.

Hon Hai hardly can be said to be "at home" in Florida, a state where it has no offices, no employees, and no bank accounts. Pai Decl. ¶¶8-9, 12; Goodyear, 131 S. Ct. at 2851. Even if Hon Hai ships products to warehouses (operated by third parties) on a regular basis, "[a] corporation's 'continuous activity of some sorts within a state' . . . is not enough to support" the assertion of general jurisdiction. Goodyear, 131 S. Ct. at 2856 (quoting Int'l Shoe, 326 U.S. at 318). Even if those shipments were considered sales taking place in Florida, "mere" sales or purchases made within a state, "even if occurring at regular intervals," are insufficient to establish general jurisdiction. Goodyear, 131 S. Ct. at 2856 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984)); see also Biloki v. Majestic Greeting Card Co., Inc., 33 So. 3d 815, 821 (Fla. 4th DCA 2010) (regular submission of orders to a Florida facility for shipment to other states "do not provide evidence of 'substantial' activity" needed for general jurisdiction). Hon Hai's shipments to Florida represent less than 1/2 of 1 percent of Hon Hai's overall sales. See Hon Hai's Florida Corporation Income and Emergency Excise Tax Return, Form F-1120 for year ending Dec. 2011, attached hereto as **Exhibit D** and incorporated herein by reference.[5]

This does not constitute "a significant portion of [Hon Hai's] business operations or revenues" and therefore cannot support general jurisdiction over Hon Hai. Ocean World, 12 So. 3d at 793.

### 2. Being Registered to Do Business in Florida Does Not Establish General Jurisdiction

Registering to do business and appointing a registered agent in the state of Florida does not subject a foreign corporation to the general personal jurisdiction of the state. See In Re:

---

[5] Exhibit D contains confidential and proprietary information and thus shall be filed separately under seal pursuant to this Court's Local Rules.

Farmland Indus., Inc., 2007 U.S. Dist. LEXIS 23872 at *38-39 (M.D. Fla. 2007); Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting proposition that appointing a registered agent is sufficient to establish general personal jurisdiction); Sofrar, 35 F. Supp. at 921 (finding no general jurisdiction even though defendants appointed an agent for service of process and were registered to do business in Florida). Moreover, the product distribution that led to Hon Hai's registration in Florida is not sufficient to support general jurisdiction, as noted above.

### 3. The Presence of Other Companies Does Not Establish General Jurisdiction Over Hon Hai

Unable to refute the fact that Hon Hai has only limited contacts with Florida, Plaintiff tries to lump in the activities of companies that use the name "Foxconn" for marketing purposes, but that are separate companies from Hon Hai. See Pai 2nd Decl. ¶2. While Plaintiff attempts to paint a conspiracy, the courts routinely have held that the activities of related companies cannot be ascribed to another company unless they are effectively alter egos.

"Ownership of a resident subsidiary corporation by an out-of-state parent corporation, without more, has been repeatedly deemed insufficient to meet the requirements of section 48.193." Schwartzberg, 98 So. 3d 181 (quoting Res. Healthcare of Am., Enc. v. McKinney, 940 So. 2d 1139, 1143 (Flo. 2d DCA 2006)). Jurisdiction over a parent corporation is permitted only where the parent has day-to-day operational control over the subsidiary. See Digitech Info. Sys., Inc. v. Ally Fin. Inc., , 2011 WL 3875407, 2011 U.S. Dist. LEXIS 98662 at *9 (M.D. Fla. 2011); Enic, PLC v. F.F. South & Co., Inc., 870 So. 2d 888, 891-92 (Fla. 5th DCA 2004) (finding no personal jurisdiction where parent did not control the "internal day-to-day affairs of the subsidiary"); General Cigar Holdings, inc. v. Altadis, S.A., 205 F. Supp. 2d 1335 (S.D. Fla. 2002) (find no personal jurisdiction where parent did not control the subsidiary's daily "basic

operation.")

As demonstrated by the submitted affidavits, any "Foxconn" operations identified by Plaintiff do *not* belong to Hon Hai, or even to a wholly-owned subsidiary of Hon Hai, but instead to subsidiaries of a company in which Hon Hai is a mere shareholder. Hsiung Decl. ¶2; Pai Decl. ¶ 4. Even if these companies were directly owned by Hon Hai (which they are not), they would not meet the exacting standard under Florida law for the imposition of personal jurisdiction over a parent based upon the presence of a subsidiary; the fact that these companies are remotely removed from Hon Hai and only partially-owned by Hon Hai further demonstrates that the required standard is not met.

Plaintiff here has not even come close to alleging, let alone proving, the requisite "level of control." Moreover, the submitted affidavits demonstrate that such control does not exist. Hsiung Decl. ¶6; Pai Decl. ¶7. The evidence shows that Hon Hai and FIH maintain independent corporate existence, and thus any activity by FIH (or its subsidiaries) cannot be imputed to Hon Hai.[6] Pai Decl. ¶¶5-6; see, e.g., Aldea Commc'ns, Inc. v. Gardner, 725 So. 2d 456, 457 (Fla. 2d DCA 1999) (to establish personal jurisdiction under alter ego theory, complaint "'must allege facts sufficient to pierce the corporate veil' of the corporation," including facts showing "not only that the corporation is a 'mere instrumentality' of the . . . defendant but that the . . . defendant engaged in 'improper conduct in the formation or use of the corporation'"). Hon Hai and FIH maintain separate financial accounts and offices. Pai Decl. ¶5. WH Smith, PLC v. Benages & Assocs., 51 So. 3d 577, 582 (Fla. 3d DCA 2010) (subsidiaries were not alter egos of nonresident corporation in part because they "leased their own offices" and "maintained their

---

[6] For purposes of this argument, Hon Hai need not address the fact that the subsidiaries are indirectly owned by FIH, and that Hon Hai's shareholding in FIH is also indirect, which interposes additional, independent companies that further prevent the activities of the subsidiaries in Florida from serving as basis for personal jurisdiction over Hon Hai.

own bank accounts")

Similarly, Plaintiff's new allegations of contacts with Florida do not actually relate to Hon Hai. The 401(k) plan Plaintiff cites to clearly identifies the company as Foxconn Electronics, Inc., not Hon Hai Precision Industry Co., Ltd. See Complaint, Ex. O. The insurance records cited by plaintiff are for three different organizations, none of which is Defendant Hon Hai. See Complaint, Ex. N. So long as these companies are not sham organizations, which Plaintiff neither has alleged nor provided facts to support, their activities in Florida are simply irrelevant to establishing jurisdiction over Hon Hai. See Aldea Commc'ns, 725 So. 2d at 457.

In considering Hon Hai's contesting of Plaintiff's allegations, the Court must take the facts contained in the supporting affidavits as true. See Capital One, 709 So. 2d at 640; see also Acquadro, 851 So. 2d at 672. Where, as here, the defendant's affidavit is "legally sufficient" to contest the asserted basis for jurisdiction, "the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists." Hilltopper Holding, 955 So. 2d at 602. Plaintiff neither has alleged the required jurisdictional facts, nor will it be able to counter the supporting affidavits.

### B.  Plaintiff Has Not Satisfied the Requirements for Specific Jurisdiction

#### 1.  Hon Hai's Activities Are Unrelated to the Cause of Action

The submitted Affidavit establishes that Hon Hai does not have any offices or facilities in Florida. Pai Decl. ¶8. It does not have any bank account in Florida, nor does it have any employees based in Florida. Pai Decl. ¶9. The only contact Hon Hai (as opposed to a subsidiary or related entity) has with Florida is the shipment of some products to warehouses in Florida owned by third-parties at the request of Hon Hai's customers. Pai Decl. ¶11.

Even considering these shipments, which are not alleged or even inferred in Plaintiff's complaint, Hon Hai cannot be said to have "[o]perat[ed], conduct[ed], engage[ed] in, or carr[ied]

on a business or business venture in [Florida]," Fla. Stat. § 48.193(1)(a), under these circumstances. See, e.g., Travel Opportunities of Ft. Lauderdale, Inc. v. Walter Karl List Mgmt., Inc., 726 So. 2d 313, 314 (Fla. 4th DCA 1998). Moreover, even if these shipments satisfied the requirement of operating a business venture, they still are unrelated to the negotiation or performance of the contract that is the basis of Plaintiff's suit. Indeed, these shipments do not even involve the digital televisions that are purportedly the subject of the contract at issue. Pai Decl. ¶11. Plaintiff cannot show that this cause of action arises from Hon Hai's limited activities within Florida, and thus there is no basis for personal jurisdiction under Section 48.193(1).

Similarly, even if Hon Hai's relationship to the entities located in Florida were close enough to impute their activities to Hon Hai, it still would not be sufficient for specific jurisdiction. The evidence shows, and there are no allegations to the contrary, that any activities occurring in Florida are unrelated to the dispute at hand. None of the subsidiaries are party to the contract in dispute, nor were they involved in its negotiation. Hsiung Decl. ¶8, 10; Pai 2nd Decl. ¶4, 5. Indeed, any activities occurring in Florida are completely unrelated to the digital televisions that are the subject of the contract. Hsiung Decl. ¶3,9; Pai 2nd Decl. ¶6. This cause of action does not arise from any operations at 1551 Sawgrass Corporate Parkway, and there would be no basis for personal jurisdiction even if carried out directly by Hon Hai, let alone the subsidiary of an independent, affiliated company. Schwartzberg, 2012 Fla. App. LEXIS 14984 at *6.

    **2.**    **Hon Hai's Activities Do Not Satisfy the Due Process Concerns for Specific Jurisdiction**

For specific jurisdiction, Plaintiff must show that Hon Hai "has certain 'minimum contacts' with the state," Caiazzo, 73 So. 3d at 251 (quoting Int'l Shoe, 326 U.S. at 316), which are those "situations in which the defendant has 'purposefully avail[ed] [himself or herself] of

the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Moreover, the cause of action must arise from or be related to those minimum contacts. See Goodyear, 131 S. Ct. at 2853; Gahn v. Holiday Prop. Bond, Ltd., 826 So. 2d 423, 427 (Fla. 2d DCA 2002) (defendant's "relationship and activity with the forum state" must be "related to the plaintiff's cause of action or have given rise to it").

While Plaintiff alleges that certain V-Chip Receivers that are the subject of the contract at issue are on sale in Fort Lauderdale, it notably does not (and cannot) allege that those products are being sold by Hon Hai or even under Hon Hai's brand name. As Plaintiff itself admits, Hon Hai manufactures (among other things) televisions for other companies which, in turn, sell them under their own brands. The fact that some of those customers of Hon Hai then may decide to sell products in Florida does not mean that Hon Hai itself has purposefully availed itself of the jurisdiction.

Further, Hon Hai cannot be said to have purposefully availed itself of the privilege of conducting activities within Florida in connection with its license agreement with Wi-LAN. Wi-LAN is not a Florida corporation, nor is any party to the contract a Florida corporation. None of the negotiations leading to the contract took place in Florida, nor does the contract call for any of the required acts to be performed in Florida. Pai 2nd Decl. ¶6. The contract expressly indicates that it is governed by New York law, and the parties consented to jurisdiction in New York. See D.E. 17, Ex. A[7] at ¶13.1. None of this shows any connection to Florida such that Hon Hai might have reasonably expected itself to be haled into court in Florida in connection with this contract. Hon Hai's expectation instead was that it would be sued in New York where the parties each

---

[7]   The License Agreement (D.E. 17, Ex. A) has been filed under seal with the Court's permission. (D.E. 19).

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

agreed they would be amenable to jurisdiction for litigation over the agreement. This Court cannot exercise specific jurisdiction over Hon Hai consistent with due process requirements.

Plaintiff has not even alleged sufficient facts to support a finding of personal jurisdiction over Hon Hai for purposes of this litigation. Moreover, as demonstrated by the accompanying affidavits, even if it had pled the necessary facts, Plaintiff would be unable to prove those allegations. Hon Hai's minimal contacts with the state of Florida are unrelated to the cause of action and thus insufficient to support either general or specific jurisdiction.

Hon Hai respectfully requests that the Court dismiss this case for lack of personal jurisdiction over Hon Hai.

Dated: December 7, 2012

Respectfully submitted,

GOODWIN PROCTER LLP
Peter J. Wied (*pro hac vice*)
pwied@goodwinprocter.com
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: (213) 426-2638 / Fax: (213) 623-1673

ASTIGARRAGA DAVIS MULLINS
  & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Tel.: (305) 372-8282 / Fax: (305) 372-8202

By: __/s/ Edward M. Mullins__
    Edward M. Mullins, Esq. (Fla. Bar No. 863920)
    emullins@astidavis.com
    Jenelle E. La Chuisa (Fla. Bar No. 539988)
    lachuisa@astidavis.com

*Counsel for Defendant*

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the Service List by some authorized manner for counsel or parties who are not authorized to receive Notice of Electronic Filing.

By: /s/Edward M. Mullins
Edward M. Mullins, Esq. (Fla. Bar No. 863920)

### SERVICE LIST
*Wi-Lan International Taiwan, Inc. v. Hon Hai Precision Industry Co. Ltd.*
Case No.: 12-cv-62097-DIMITROULEAS/SNOW
United States District Court, Southern District of Florida

*Counsel for Plaintiff*

Curtis Carlson
Carlson@carlson-law.net
CARLSON & LEWITTES, P.A.
1200 Suntrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 372-3500
Facsimile: (305) 372-8265

*Of Counsel for Plaintiff*

Constance S. Huttner
chuttner@velaw.com
Clifford Thau
cthau@velaw.com
Stephanie Lollo Donahue
sdonahue@velaw.com
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26thFloor
New York, New York 10103
Telephone: (212) 237-0000
Facsimile: (212) 237-0100

David B. Weaver
dweaver@velaw.com
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: (512) 542-8400
Facsimile: (512) 542-8612