UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

WI-LAN INTERNATIONAL TAIWAN, INC.,

    Plaintiff,

- vs -

HON HAI PRECISION INDUSTRY CO.,
LTD.,

    Defendant.
_____/

**DEFENDANT HON HAI PRECISION INDUSTRY CO., LTD.'S RENEWED
MOTION TO TRANSFER VENUE AND ACCOMPANYING MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. Section 1404(a) or, alternatively, pursuant to 28 U.S.C. Section 1406(a), Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai") respectfully moves[1] to transfer Plaintiff Wi-LAN International Taiwan, Inc.'s ("Plaintiff" or "Wi-LAN") First Amended Complaint for Breach of Contract ("Complaint") to the United States District Court for the Southern District of New York, for the convenience of the parties and in the interest of justice. This motion should be granted for the reasons set forth in the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Introduction**

This action lacks little, if any, relationship to this District or the State of Florida; it simply does not belong here. Plaintiff, a Canadian corporation, has brought a breach of contract action

---

[1] Hon Hai previously moved to transfer this case in a consolidated motion with its motion to dismiss this action for lack of personal jurisdiction directed to the original Complaint (D.E. 7). After the Plaintiff amended its Complaint as of right, this Court denied the consolidated motion without prejudice as moot because the consolidated motion was not targeted to the Amended Complaint. (D.E. 20). This Court specifically stated it was not addressing the merits. Id.

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

against Hon Hai, a Taiwanese company, in connection with a contract governed by New York law. Plaintiff can only prevail on its contract claim if it can show that Hon Hai's products infringe its patent, which is unlikely given that Judge Kaplan of the United States District Court, Southern District of New York found no infringement of Wi-LAN's patent in a separate lawsuit involving products that WiLAN would consider virtually identical to Hon Hai's products in all relevant respects. Plaintiff's only explanation for why this Court can or should hear this case is the location of Hon Hai's registered agent in the State of Florida, a claim that Hon Hai "has operations" in Broward County, and a conclusory assertion that Hon Hai "transacts business" in the state of Florida. As is shown in Hon Hai's contemporaneous motion to dismiss for lack of personal jurisdiction, Hon Hai lacks sufficient contacts with the state of Florida to permit the exercise of personal jurisdiction in this case. More significantly for this motion to transfer, none of these contacts justifies having this Court spend its limited resources to hear a dispute between a Canadian corporation suing a Taiwanese company over a contract governed by the law of New York.

    Indeed, should this Court grant this motion to transfer this case to the Southern District of New York, the question of personal jurisdiction will become moot, as both parties have consented to the jurisdiction of the courts in New York. Given that the contract at issue is governed by New York law and designates New York as an agreeable jurisdiction for resolution of any disputes under the contract, both judicial economy and the parties' intentions demonstrate that the Southern District of New York is a more suitable location for this dispute.

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

## MEMORANDUM OF LAW

**II. The Court Should Transfer Venue to the United States District Court for the Southern District of New York**

**A. Standard for Transfer of Venue**

The Court can and should transfer venue to the Southern District of New York for the convenience of the parties, pursuant to 28 U.S.C. Section 1404(a) ("Section 1404(a)"). Section 1404(a) permits district courts to transfer venue of any civil action for the convenience of the parties and the witnesses or in the interests of justice, to any other district where the action might have been brought.

This Court must consider two factors to determine whether transferring venue is appropriate; 1) whether the action might have been brought in the Southern District of New York; and 2) whether various factors are satisfied as to determine if a transfer to a more convenient forum is justified. See Miot v. Kechijian, 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993).

The first step is clearly satisfied as both parties consented to be sued in New York. See License Agreement at ¶13.1 (D.E. 17, Ex. A).[2]

With respect to the second step, in considering a request to transfer venue, courts examine several factors including, among others: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9)

---

[2] The License Agreement (D.E. 17, Ex. A) has been filed under seal with the Court's permission. (D.E. 19).

trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

Questions about whether this Court can assert personal jurisdiction over Hon Hai are not an impediment to transfer of this case to the Southern District of New York, as the Court can transfer the case pursuant to 28 U.S.C. Section 1406(a) ("Section 1406(a)) even if the Court determines that personal jurisdiction is lacking over Hon Hai here. See Aguacate Consol. Mines, Inc. v. Deeprock, Inc., 566 F.2d 523, 524-25 (5th Cir. 1978) (holding that a case removed into federal court may be transferred pursuant to Section 1406(a) when there is a lack of personal jurisdiction). Alternatively, this Court could transfer the action pursuant to Section 1404(a) without even reaching the personal jurisdiction issue as it would be moot. Unlike Florida, personal jurisdiction exists over both Hon Hai and Wi-LAN in New York, as both parties expressly consented to jurisdiction there in the contract that is the subject of this litigation. See D.E. 17, Ex. A ¶13.1.

### B. Trial Efficiency, Judicial Economy, and Interests of Justice All Favor a Transfer to the Southern District of New York

First, factors (7) and (9) strongly favor transfer. To the extent Wi-LAN's central allegation is a claim for breach of contract, the contract indicates that it is governed by New York law. See D.E. 17, Ex. A ¶13.1. Accordingly, this factor favors transfer to the Southern District of New York, where the court is obviously more familiar with New York contract law. See, e.g., ConSeal Int'l Inc. v. Econalytic Sys., 2009 U.S. Dist. LEXIS 42571 (S.D. Fla. May 8, 2009) (noting where contract was governed by Colorado law, this factor favored transfer to Colorado). This also suggests that both pretrial and trial proceedings can be conducted more efficiently by the Southern District of New York, because of its familiarity with the law governing the contract.

Therefore, factors 7 and 9 strongly favor a transfer to the Southern District of New York.

### C. Convenience of Parties Favors a Transfer to the Southern District of New York

Factors 1, 2, and 3 weigh in favor of transfer. Although neither party is located in the Southern District of New York, the convenience of parties still weighs in favor of transfer. Given that both parties agreed to have any disputes heard in New York, see D.E. 17, Ex. A ¶13.1, the permissive forum selection clause of the contract indicates that the parties did not consider litigating in New York to be inconvenient. See Stateline Power Corp. v. Kremer, 404 F. Supp. 2d 1373, 1380 (S.D. Fla. 2005). Thus Plaintiff cannot claim that transfer would pose it any inconvenience. Similarly, the fact that Wi-LAN filed similar claims against LG Electronics in the Southern District of New York shows that Wi-LAN does not consider that district to be an inconvenient location for litigation of these issues. Moreover, given that Plaintiff is a Canadian company, the geographical proximity of New York suggests it would be a more convenient forum; similarly, although Hon Hai is based in Taiwan and therefore must travel a great distance in any event, the Southern District of New York is somewhat more readily accessible and therefore somewhat more convenient.

Thus factors 1, 2, and 3 weigh in favor of transfer.

### D. Plaintiff's Choice of Forum is Entitled to Little Deference

While a plaintiff's choice of forum can be a factor in determining whether to transfer a case, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." Motorola Mobility, Inc. v. Microsoft Corp., 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (quoting Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)). The contract at issue was not negotiated in Florida, did not require performance in Florida, and is not governed by Florida law.

See Second Affidavit of Kevin Pai ¶6.[3] Neither party is a Florida corporation, see D.E. 16 (First Amended Complaint), neither party has its principal place of business in Florida, and thus this is not the home forum for either party, nor is it convenient for either party. Id. (noting that when the forum is not the home forum of the Plaintiff, only minimal deference is required.) A plaintiff's chosen forum will receive deference in proportion to the plaintiff's or lawsuit's connection to forum. See Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (transferring patent infringement case). There is none here. This indicates the Plaintiff's selection of a Florida forum is entitled to minimal weight.

Moreover, the evidence indicates that New York is a forum chosen by Plaintiff. While not a mandatory choice of forum clause, the contract at issue explicitly recites that the courts of New York are a permissible forum. See D.E. 17, Ex. A ¶13.1. Thus, both of these foreign corporations fully anticipated and expected that any dispute between them would be heard in New York. Where a choice of forum clause exists, it is "a significant factor that figures centrally in the district court's calculus." Sachs v. Bankers Life & Cas. Co., 2012 U.S. Dist. LEXIS 72498 (S.D. Fla. May 24, 2012) (quoting P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804 (11th Cir. 2003)). While permissive forum selection clauses are given less weight that mandatory clauses, see Mulligan v. Frank Found. Child Assistance Int'l, 584 F. Supp. 2d 1328, 1330 (M.D. Fla. 2008), this factor (factor (8)) weighs in favor of transfer, or is at worst neutral.

E.  **Remaining Factors are Neutral**

At present, there is no indication that third-party witnesses will be involved, or that compulsory process will be necessary to secure their presence (factor (5)). There is no indication that documents or sources of proof are located in or near the Southern District of Florida.

---

[3] The Second Affidavit of Kevin Pai is attached hereto as **Exhibit A** and is incorporated herein by reference.

Certainly, Hon Hai has no documents relevant to its agreement with WiLAN that are located in Florida. See Second Affidavit of Kevin Pai ¶6 (Ex. A). None of the negotiations leading to the contract at issue took place in Florida. Id. There are simply no operative facts in Florida. (Factor (4)). Finally, as noted, both parties will need to have their witnesses travel from foreign locations, albeit travel to New York from Taiwan and Canada is easier than travel to Florida. There is certainly no indication that Plaintiff will lack the means to try this case in New York in comparison to trying it here. (Factor (6)). These factors are therefore at worst neutral on the issue of transfer.

    **F.    The Balance of Factors Favors Transfer**

The overwhelming benefit to judicial economy and trial efficiency from a transfer to the Southern District of New York weigh heavily in favor of transfer of this case. The remaining factors are either neutral or also slightly favor transfer. The only possible countervailing factor, plaintiff's choice of forum, is entitled to minimal, if any, weight, given this is not Plaintiff's home forum, there is no connection between the dispute and Florida, and Plaintiff already has consented to New York as an acceptable forum. Any consideration of plaintiff's choice cannot outweigh the significant benefit of transferring this case to a court that is more familiar with the law governing this case.

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

### III.  CONCLUSION

Hon Hai respectfully requests that the Court transfer the case to the Southern District of New York for all further proceedings.

Dated:  December 7, 2012                             Respectfully submitted,

<div style="margin-left: 3em;">

GOODWIN PROCTER LLP
Peter J. Wied (*pro hac vice*)
pwied@goodwinprocter.com
601 South Figueroa Street, 41st Floor
Los Angeles, California  90017
Telephone:  (213) 426-2638
Facsimile:   (213) 623-1673

ASTIGARRAGA DAVIS MULLINS
  & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202

By:  */s/ Edward M. Mullins*
    Edward M. Mullins, Esq. (Fla. Bar No. 863920)
    emullins@astidavis.com
    Jenelle E. La Chuisa (Fla. Bar No. 539988)
    lachuisa@astidavis.com

*Counsel for Defendant*

</div>

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the Service List by some authorized manner for counsel or parties who are not authorized to receive Notice of Electronic Filing.

By: /s/Edward M. Mullins
Edward M. Mullins, Esq. (Fla. Bar No. 863920)

## SERVICE LIST
*Wi-Lan International Taiwan, Inc. v. Hon Hai Precision Industry Co. Ltd.*
Case No.: 12-cv-62097-DIMITROULEAS/SNOW
United States District Court, Southern District of Florida

*Counsel for Plaintiff*

Curtis Carlson
Carlson@carlson-law.net
CARLSON & LEWITTES, P.A.
1200 Suntrust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 372-3500
Facsimile:  (305) 372-8265

*Of Counsel for Plaintiff*

Constance S. Huttner
chuttner@velaw.com
Clifford Thau
cthau@velaw.com
Stephanie Lollo Donahue
sdonahue@velaw.com
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26thFloor
New York, New York  10103
Telephone:  (212) 237-0000
Facsimile:   (212) 237-0100

David B. Weaver
dweaver@velaw.com
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Telephone:  (512) 542-8400
Facsimile:  (512) 542-8612