UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-CV-62097-CIV-DIMITROULEAS/SNOW

WI-LAN INTERNATIONAL TAIWAN INC., )
)
Plaintiff, )
)
vs. )
)
HON HAI PRECISION INDUSTRY CO., LTD., )
)
Defendant. )
_____

**PLAINTIFF WI-LAN INTERNATIONAL TAIWAN INC.'S
OPPOSITION TO DEFENDANT HON HAI'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Plaintiff Wi-LAN International Taiwan Inc. ("Wi-LAN" or "Plaintiff"), by and through its undersigned counsel, hereby files this Opposition to the Motion of Defendant Hon Hai Precision Industry Co., Ltd. ("Hon Hai" or "Defendant") to Dismiss for Lack of Personal Jurisdiction. (D.E. 25, "Def. Mot.").

**I.   INTRODUCTION**

Hon Hai's Motion to Dismiss is yet another unfounded attempt by Hon Hai to avoid litigating this breach of contract action in Wi-LAN's chosen forum—Broward County Circuit Court. Hon Hai first removed this case to this Court, claiming federal subject matter jurisdiction based on the fiction that United States patent law governs Wi-LAN's state-law breach of contract claim. (D.E. 1.) Hon Hai now moves to dismiss this case for lack of personal jurisdiction despite Hon Hai's extensive contacts with this State, which include at least ▮▮▮▮▮ of direct sales or shipments to purchasers in Florida, registration to conduct business in Florida, and appointment

of a registered agent for service of process in Florida. (D.E. 25.) In the alternative, Hon Hai seeks to transfer this case to the Southern District of New York, where Hon Hai has filed a meritless declaratory judgment action seeking a ruling that its V-Chip Receivers do not infringe Wi-LAN's patent—a claim that Wi-LAN is not asserting and has not previously made. Wi-LAN instead seeks simply to hold Hon Hai to the bargain it made when it entered into a contract with Wi-LAN to pay royalties on all of its sales of V-Chip Receivers, whether or not they are covered by any patent claims.

Wi-LAN respectfully submits that Hon Hai's Motion to Dismiss should be denied. As a threshold matter, for the reasons explained in Wi-LAN's Motion to Remand (D.E. 18), the Court does not have federal subject matter jurisdiction to decide the merits of Hon Hai's Motion to Dismiss because Wi-LAN's well-pleaded complaint does not implicate any federal law issues, but rather is based solely on state law. Should the Court nonetheless decide to address Hon Hai's Motion on the merits, the Motion should still be denied because Hon Hai has extensive contacts with Florida that establish personal jurisdiction under Florida's long arm statute and the federal Due Process Clause. Should the Court have any concerns about the sufficiency of these contacts, the Court should defer consideration of Hon Hai's Motion to Dismiss until after Wi-LAN has an opportunity to conduct jurisdictional discovery.

## II.  BACKGROUND

### A.  Procedural Background

As more fully explained in Wi-LAN's Motion to Remand (D.E. 18), this case is a breach of contract action that was originally filed on October 1, 2012 in Broward County Circuit Court (D.E. 1–A).[1] Wi-LAN's complaint alleges that Hon Hai has failed to pay certain royalties owing

---

[1] For purposes of this brief, the format "D.E. #–A" is intended to refer to Exhibit A in the relevant court document and "D.E. # ¶ 1" is intended to refer to paragraph 1 in that document.

to Wi-LAN for sales of "V-Chip Receivers" covered by a license agreement between the parties. (D.E. 8, "V-Chip Agreement.")  V-Chip Receivers are devices that the FCC requires to be imbedded in televisions and other digital products to allow parents control to block sexually explicit or violent programming.  Rather than respond to Wi-LAN's Complaint, Hon Hai filed a Notice of Removal to this Court, claiming that its royalty obligations under the V-Chip Agreement are contingent on a finding that its V-Chip Receivers infringe Wi-LAN's V-Chip Patent.  Hon Hai has taken this position in the hopes that it can avoid its financial obligations to Wi-LAN because a federal district court judge in the Southern District of New York (Kaplan, J.) ruled—three years *after* Hon Hai stopped paying royalties to Wi-LAN and years after Hon Hai agreed to pay royalties under the V-Chip Agreement—that Wi-LAN's V-Chip patent claims do not cover V-Chip Receivers made by LG Electronics, a third party manufacturer.  (*See* D.E. 1 at ¶¶ 16–17.)  Judge Kaplan's ruling was recently affirmed *per curiam* by the Federal Circuit Court of Appeals. *Wi-LAN, Inc. v. LG Electronics, Inc.*, No. 2012-1273 (Fed. Cir. Dec. 11, 2012).

After Wi-LAN filed its original complaint in this case, Hon Hai filed its first Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, to Transfer Venue. (D.E. 7.)  Wi-LAN subsequently amended its complaint (D.E. 16) to include additional jurisdictional facts, and Hon Hai's first Motion was denied as moot.  (D.E. 20.)  Hon Hai now seeks to dismiss Wi-LAN's Amended Complaint for lack of personal jurisdiction.  (D.E. 25.)  In the alternative, Hon Hai seeks to transfer this case to New York (D.E. 26), where neither party has a presence.[2]

B.     **Factual Background**

Wi-LAN has met its burden of pleading a *prima facie* case of personal jurisdiction in its Amended Complaint, which plainly "presents enough evidence to withstand a motion for

---

[2] Hon Hai's transfer motion is addressed in a separate opposition brief, which is being submitted contemporaneously with this brief.

directed verdict." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–1269 (11th Cir. 2002). "When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1221 (S.D. Fla. 2009). Further, "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

Here, Wi-LAN's Amended Complaint alleges that Hon Hai is a Taiwanese company that conducts business internationally as "Foxconn Technology Group" ("FoxConn"). FoxConn is the "world's largest contract manufacturer of electronic components," assembling televisions and other electronic devices for Apple, Hewlett-Packard Co., Sony Corp. and Amazon.com, among others. (D.E. 16 ¶ 11; D.E. 16–B, 16–C.)[3] Hon Hai/FoxConn operates manufacturing and engineering facilities in various countries around the world but the global presence chart on its website identifies Florida as the only United States facility. (D.E. 16 ¶ 14(c); D.E. 16-K.)

It is also undisputed that Hon Hai has been licensed to transact business in Florida since 2003 and has a registered agent in this State. (D.E. 16 ¶ 9; D.E. 16–A.) Hon Hai also admits that it has paid income taxes in Florida. (Def. Mot. at 7.) Hon Hai's Florida tax returns indicate that in 2011, Hon Hai made sales to purchasers in Florida of at least ▮▮▮▮▮▮, owned inventories of at least ▮▮▮▮▮▮ in Florida, and paid approximately ▮▮▮▮▮▮ n rent in Florida. (D.E. 25-A (filed under seal) at Schedule III-A lns. 1, 3, Schedule III-B ln. 1.) Hon Hai further admits that "Hon Hai (as opposed to a subsidiary or related entity) . . . ship[s] some products to warehouses in Florida." (Def. Mot. at 10.)

---

[3] *See also* Ex. 1, Aries Poon, "Hon Hai Says iPhone 5 Design Leads to Production Delays," WALL STREET J. (Nov. 9, 2012).

Hon Hai also engages in additional business in Florida under the "FoxConn" name. There can be little doubt that FoxConn is an alias for Hon Hai, despite its allegedly separate corporate existence. When one performs a Google® search of "Hon Hai," the search retrieves websites with a FoxConn domain name (including www.foxconn.com and www.fih-foxconn.com). (D.E. 16 ¶ 13(a); D.E. 16–D.) Moreover, FoxConn acted as Hon Hai's agent in applying for Hon Hai's business license in Florida, and the fax heading on Hon Hai's application to Transact Business in Florida reads "FOXCONN." (D.E. 16 ¶ 13(g); D.E. 16–J.) Hon Hai has admitted in numerous court filings that it does business in the United States under the trade name Foxconn, that it "has registered 'Foxconn' as a trademark and [that it] operates from time to time under that trademark." (D.E. 16–F ¶ 3, 16–G ¶ 3, 16–H ¶ 4, 16–I ¶ 4.)[4] Hon Hai's founder, Terry Guo, is also the CEO of FoxConn. (D.E. 16 ¶ 12.) Hon Hai / Foxconn's website identifies Hon Hai as the "anchor company" of the Foxconn Technology Group ("FoxConn"), (D.E. 16 ¶ 10; D.E. 16–B, 16–C). And "FoxConn's" website displays both Hon Hai and FoxConn logos and trademarks. (D.E. 16 ¶ 13(b).) It also contains other statements that conflate Hon Hai with FoxConn (D.E. 16 ¶ 13(c); D.E. 16–B, 16–C), and lists various FoxConn entities as "Hon Hai Group Compan[ies]." (D.E. 16 ¶ 13(d); D.E. 16–E.)

As noted above, Florida is identified as the *only* location of the Hon Hai/Foxconn global presence chart that is within the United States. (D.E. 16 ¶ 14(c); D.E. 16–K.) On information and belief, this is a reference to S&B Industry Inc. ("S&B") and Sutech Industry Inc. ("Sutech"), which are located at 1551 Sawgrass Corporate Parkway, Sunrise, Broward County, Florida 33323. (D.E. 16 ¶ 14(d) (citing D.E. 7 at 4–5).) Both companies are operated by FoxConn. Indeed, a man identified as a FoxConn regional vice president recently acknowledged in the

---

[4] *See also* Ex. 2, Hon Hai filings with the U.S. Patent and Trademark Office regarding the trademark "Foxconn."

*South Florida Business Journal* that "Foxconn has software designers and engineers at its Sunrise facility." (Ex. 3.)

Consistent with the foregoing evidence that there is no meaningful distinction between FoxConn and Hon Hai, Hon Hai also made no distinction between Hon Hai and FoxConn. In negotiating with Wi-LAN for the V-Chip Agreement, Hon Hai's representatives provided business cards to Wi-LAN that reflected FoxConn domain names in their email addresses. (D.E. 16 ¶ 13.e.) After the V-Chip Agreement was executed, and during communications with Wi-LAN regarding royalties, Hon Hai representatives also corresponded via Foxconn domain name email addresses. (*See, e.g.,* D.E. 35–A, 35–C.) And Hon Hai made sure that the agreement covered V-Chip devices made by FoxConn as well as by Hon Hai. (D.E. 8, V-Chip Agreement, at Background (defining "Licensee" as Hon Hai Precision Co., Ltd. "and/or its affiliates")).

### III.    ARGUMENT

####    A.    Consistent With the Florida Long Arm Statute And Due Process, Hon Hai Is Subject To Both General and Specific Personal Jurisdiction.

#####       1.    General Jurisdiction

Under Florida law, a defendant is subject to general jurisdiction if the defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." FLA. STAT. 48.193(2). The activities within Florida must be "sufficiently substantial and of such a nature as to permit [the forum state] to entertain a cause of action against a foreign corporation, where the cause of action arose from activities entirely distinct from its activities in [that state]." *Caiazzo v. American Royal Arts Corp.*, 73 So. 3d 245, 251–52 (Fla. 4th DCA 2011) (alteration in original) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447 (1952)). The parties agree that the general jurisdiction requirements of the Florida long-arm statute merge with the constitutional Due Process requirements, such that

"there is no need to consider the tests separately." (Def. Mot. at 6.)  *See also Meier*, 288 F.3d at 1269 n.6.

### 2. Specific Jurisdiction

If a defendant does not have the necessary level of contacts with Florida to subject it to general jurisdiction, the defendant can nonetheless be subject to specific personal jurisdiction in Florida for causes of action arising from "[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida]." FLA STAT. 48.193(1).  If the requirements of the long-arm statute are met, the court must then determine whether a defendant has "certain 'minimum contacts' with the state." *Caiazzo*, 70 So. 3d at 251 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)).  In addition to the "placement of a product into the stream of commerce," minimum contacts are established when "[a]dditional conduct of the defendant may indicate an intent to serve the market in the forum State." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1547 (11th Cir. 1993) (analyzing *Asahi Metal Industry Co. v. Super Ct. of Cal.*, 480 U.S. 102, 107 (1987)).

### 3. The Actions of an Agent Can Be Attributed To a Parent

The *Vermeulen* court further explained in the context of specific jurisdiction that "a truly interstate [or international] business may not shield itself from suit by a careful but formalistic structuring of its business dealings." *Id.* at 1548 (alteration in original).  Thus, in addition to a parent corporation's own acts, a court may consider the Florida contacts of the parent's subsidiaries in determining personal jurisdiction:

> [I]f the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting jurisdiction.

*Meier*, 288 F.3d at 1272 (subjecting the parent to general jurisdiction).

"Agency is not, however, limited to a parent-subsidiary relationship." *Id.* For example, courts have found "agency based on evidence that the various parent and subsidiary defendants were 'a confusing conglomerate, and were essentially one and the same company both financially and structurally" *Id.* (discussing *Pappalardo v. Richfield Hospitality Servs., Inc.*, 790 So. 2d 1226, 1228 (Fla. 4th DCA)). Other courts have subjected a non-resident parent to general personal jurisdiction based on shared stationery with a subsidiary, the subsidiary's use of the parent's logo, and the parent's approval of material published by the subsidiary. *Universal Caribbean Establishment v. Bard*, 543 So. 2d 447, 448 (Fla. 4th DCA 1989) (cited by *Meier*, 288 F.3d at 1270, 1272).

### B. The Facts Show that Hon Hai is Subject to General Personal Jurisdiction in Florida

#### 1. Hon Hai Engages in Substantial, Not Isolated, Activity in Florida

Hon Hai argues that subjecting it to general jurisdiction would violate Due Process because Hon Hai "hardly can be said to be 'at home' in Florida, a state where it has no offices, no employees, and no bank accounts." (Def. Mot. at 7 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011)). But this argument paints a distorted picture of Hon Hai's actual activities within this State, which demonstrates that Hon Hai engages in "substantial and not isolated" business activities in Florida. *See* FLA. STAT. § 48.193(2). For one thing, unlike the defendant in *Goodyear*, Hon Hai *is* registered to do business in Florida (D.E. 16–J), *does* have a registered agent for service in the State (D.E. 16–A), and *does* pay state taxes in Florida (D.E. 25–A). *See Goodyear*, 131 S. Ct. at 2852.

Hon Hai attempts to downplay the significance of these contacts by arguing that holding a business license and having a registered agent in Florida are each insufficient, standing alone, to establish general jurisdiction. (Def. Mot. at 7.) But Hon Hai provides no compelling legal

support for this argument, and the cases that it cites are inapposite. For example, in *In re Farmland Industries, Inc.* (cited in Def. Mot. at 7), the defendants were "not authorized to do business in Florida, and [did] no business in Florida." 2007 U.S. Dist. LEXIS 23872, at *31 (M.D. Fla. 2007). Moreover, they did "not have a regular and established place of business in Florida, or an office, mailing address, telephone number, bank account, real property, or employees based in Florida." 2007 U.S. Dist. LEXIS 23872, at *31 (M.D. Fla. 2007). Similarly, in *Consol. Dev. Corp. v. Sherritt, Inc.* (cited in Def. Mot. at 7), the defendants were not "registered to do business in the United States; none of them have sold products, maintained offices or employees, or owned property in the United States."[5] 216 F.3d 1286, 1294 (11th Cir. 2000). In fact, several of the defendants were included on the "United States Department of the Treasury's list of 'Blocked Persons and Specially Designated Nationals,' and therefore are prohibited from doing business in the United States." *Id.*

The facts in these cases bear no relationship to the facts presented here. Hon Hai *does* have a registered agent in Florida and has been authorized to conduct business in Florida since 2003. In 2011 alone, Hon Hai made at least ▇▇▇▇▇▇ in sales directly to Florida purchasers (D.E. 25-A, F-1120 tax return, Schedule III-A ln. 3), owned inventories in Florida worth at least ▇▇▇▇▇▇ (*id.* at Schedule III-B ln. 1), and paid at least ▇▇▇▇▇▇ n rent in Florida (*id.* at Schedule III-A ln. 1).[6] While Hon Hai attempts to downplay the significance of these activities by asserting they "represent less than ½ of 1 percent of Hon Hai's overall sales" (Def. Mot. at 7),

---

[5] The plaintiff in the *Consol. Dev.* case based jurisdiction on the national long-arm statute, Fed. R. Civ. P. 4(k)(2), such that "the applicable forum for the minimum contacts analysis is the United States." *Id.* at 1291 n.6.

[6] This is in contrast to *Sofrar, S.A. v. Graham Eng'g Corp.* (cited in Def. Mot. at 8), in which the plaintiff relied exclusively on the registered agent and business license as the sole basis for jurisdiction. 35 F. Supp. 2d 919, 920 (S.D. Fla. 1999) ("Plaintiff states that since Defendant simply registered to transact business within Florida, all requirements of jurisdiction have been met and it need not allege any facts further").

9

this Court's "jurisdictional analysis does not turn on any talismanic formula or magic number." *Caiazzo*, 73 So. 3d at 259. Rather, the determination of general jurisdiction requires a "holistic analysis of the defendant's relationship with Florida." *Id.* A defendant may be subject to general jurisdiction in Florida if its sales in the state account for even 1 percent of its global sales if that 1 percent ***"constitutes millions of dollars of sales***," or "thousands of transactions," as is the case here. *Id.* (emphasis added).

Moreover, Hon Hai's F-1120 Florida tax return likely understates significantly the true value of Hon Hai's inventory in Florida because the value of inventory for tax purposes is calculated by adding the value of inventory at the beginning and end of each taxable year and dividing by two. (*See* D.E. 25–A, Schedule III-A lns. 1, 6; Ex. 4, F-1120 Instructions, p. 10, section titled "III-A Line 1. Average Value of Property.") Thus, the actual value of Hon Hai's inventory during the course of each taxable year (i.e., between the two measured points) could be significantly higher than the value reported on Form F-1120.[7]

Hon Hai's tax return also likely undervalues Hon Hai's sales in Florida. (*See* D.E. 25–A, Schedule III-A lns. 2, 4; Ex. 4, F-1120 Instructions, p. 11, section titled "III-A Line 3. Sales Factor.") A Florida taxpayer-seller (e.g., Hon Hai) can transfer its goods to an intermediary party to avoid being treated as "selling to" Florida purchasers for state tax liability purposes. *See, e.g.,* FLA. STAT. § 220.15(b)(1) ("Sales of tangible personal property occur *in this state* if the property is delivered or shipped *to a purchaser* within this state, regardless of the f.o.b. point, other conditions of the sale, or ultimate destination of the property, unless shipment is made via a common or contract carrier."). Thus, although Hon Hai admits that it directly ships some products to Florida (D.E. 7–1 at ¶ 11), it is likely that other products manufactured by Hon Hai

---

[7] Hon Hai has only provided its inventory figures in its F-1120 returns at the beginning and end of the 2011 taxable year, but not at any points in the interim. (*See* D.E. 25–A.)

10

are sold to consumers in Florida by intermediaries located outside the state, including V-Chip Receivers made by Hon Hai that are for sale at Best Buy and other retailers located in his State.[8]

### 2. Hon Hai Also Does Business in Florida as FoxConn.

This Court's general jurisdiction over Hon Hai is further confirmed by actions taken by Hon Hai under the trade name "FoxConn." Indeed, there can be little doubt that Hon Hai *is* FoxConn, notwithstanding its present attempt to hide behind a façade of separate corporate existence to avoid the Court's jurisdiction.

In other litigations, Hon Hai has admitted that it does business in the United States under the trade name "FOXCONN." (D.E. 16–F ¶ 3, 16–G ¶ 3, 16–H ¶ 4, 16–I ¶ 4.) These admissions are consistent with the fact that Hon Hai and FoxConn do not have separate online existences. A Google® search of "Hon Hai" returns results that include several FoxConn websites (including www.foxconn.com and www.fih-foxconn.com). (D.E. 16 ¶ 13(a); D.E. 16–D.) These websites display the corporate logos of both Hon Hai and FoxConn, and state that Hon Hai is the "anchor" company for FoxConn and that Hon Hai is "also known as" FoxConn. (D.E. 16 ¶¶ 10, 13(b)–(d); D.E. 16–B, 16–C, 16–E). Hon Hai also owns the "FoxConn" trademark and has registered it with the U.S. Patent and Trademark Office. (Ex. 2.) Even Hon Hai's registration to conduct business in Florida was submitted by FoxConn and has "FOXCONN" printed in the fax header. (D.E. 16 ¶ 13(g); D.E. 16–J.)

These undisputed facts, coupled with Hon Hai's admission that the "term 'Foxconn' does not refer to any specific legal entity" (Def. Mot. at 6), lead to the inexorable conclusion that the two companies are a "confusing conglomerate" that is "essentially one and the same company both financially and structurally." *Pappalardo*, 790 So. 2d at 1228 (finding that evidence of such

---

[8] These V-Chip Receivers include the model referenced in Appendix A to the V-Chip Agreement, and are sold in Ft. Lauderdale through at least Best Buy, Inc. (D.E. 16 ¶ 14(i).)

a "confusing conglomerate" supported a "reasonable belief that the parent companies exercised significant dominion and control over the subsidiaries").

The unity between Hon Hai and FoxConn is additionally manifested in the V-Chip Agreement and related licensing negotiations.  For example, in the V-Chip Agreement "Hon Hai Precision Co., Ltd." is defined as the "Licensee," but the email address for billing purposes, accounting, royalty reports, and other correspondence is "youko.chen@foxconn.com."  (D.E. 8 ¶ 5.6, Appx. B ¶ 1.)  Further, the exhibits to Hon Hai's Opposition to Plaintiff's Motion to Remand (filed under seal) demonstrate that Hon Hai used "foxconn" domain names when negotiating the V-Chip Agreement with WI-LAN.[9]

By all these actions, Hon Hai intentionally created the appearance that FoxConn has the authority to act on behalf of Hon Hai and vice versa.  This is sufficient to establish that Hon Hai "exercise[s] dominion and control over [FoxConn]" so that jurisdiction over Hon Hai can be established based on "FoxConn's" contacts with Florida.  *Pappalardo*, 790 So. 2d at 1228; *see Universal Caribbean*, 543 So. 2d at 448 (finding that shared stationery, the subsidiary's use of the parent's logo, and the parent's approval of material published by the subsidiary created a sufficient showing of an agency relationship to exercise personal jurisdiction).

FoxConn's contacts with Florida include operating S&B and Sutech, located in Sunrise, Florida.  Hon Hai's website, http://www.fih-foxconn.com/global/GlobalPresence.aspx, states that Hon Hai has a presence in Florida.  (D.E. 16 ¶ 14(c); D.E. 16–K.)  Presumably, this is a reference to S&B and Sutech, as Wi-LAN is not aware of any other affiliated entities that are located in

---

[9] *See, e.g.,* D.E. 35–A ▮▮▮▮▮▮▮▮; D.E. 35-B ▮▮▮▮▮▮▮▮ D.E. 35-C 

Florida. Although Defendant has submitted narrowly-crafted affidavits denying that *Hon Hai* exercises control over S&B and Sutech, Hon Hai admits that S&B and Sutech are "Foxconn entities." (Def. Mot. at 5.)  Other facts confirm and embellish this admission.  For example, a 2008 Broward County Notice of Commencement of construction identifies FoxConn as the owner of the premises at which S&B and Sutech are located: 1551 Sawgrass Corporate Parkway, Sunrise, Broward County, Florida 33323." (D.E. 16 ¶ 14(e); D.E. 16–M.)  FoxConn/Hon Hai has paid workers compensation insurance in Florida—presumably for employees of S&B and Sutech—under various policies issued in the names of Hon Hai LLC, FoxConn International Inc., and FoxConn Electronics Inc.  (D.E. 16–N.)  This further indicates the control of FoxConn/Hon Hai over S&B and Sutech.  *See Meier*, 288 F.3d at 1273 ("The financial ties between the [parent] and the Florida subsidiaries suggest a relationship far beyond service contracts . . . ."). And, on information and belief, S&B and Sutech employees have received compensation and/or bonuses in the form of shares of FoxConn stock and participate in the FoxConn 401(k) plan.  (D.E. 16–O.)

    C. **Hon Hai is Subject to Specific Personal Jurisdiction in Florida**

  Even if the Court were to find that Hon Hai is not subject to general jurisdiction in Florida, it should still deny Hon Hai's Motion to Dismiss because Hon Hai is subject to specific personal jurisdiction in Florida.

    1. **Hon Hai's Activities Satisfy the Florida Long-Arm Statute**

  As an initial matter, Hon Hai is subject to specific jurisdiction under the Florida long-arm statute because it "conducts or carries on" business in Florida, maintains a registered agent in Florida, and the Florida registered agent was served with the complaint at the outset of this matter. *See Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1353 (S.D. Fla. 2007) (relying on

13

"[t]he possession of a license to do business in Florida combined with service on a registered agent in Florida" to satisfy the long-arm statute re specific jurisdiction, FLA. STAT. § 48.193(1)).

Additionally, Hon Hai is subject to specific jurisdiction because Wi-LAN's claims arise out of Hon Hai's transaction of business in the State.  *See* FLA. STAT. § 48.193(1).  Wi-LAN's breach of contract claim arises from Hon Hai's failure to pay royalties on V-Chip Receivers.  On information and belief (which Hon Hai has not disputed), V-Chip Receivers manufactured by or on behalf of Hon Hai have been sold in this district through at least Best Buy, Inc. in Fort Lauderdale.  (D.E. 16 ¶ 14(i).)  Although Hon Hai asserts that the products it ships to Florida "do not even involve the digital televisions that are purportedly the subject of the contract at issue" (Def. Mot. at 11), this statement is belied by the fact that the V-Chip Receivers manufactured by Hon Hai find their way to stores in Florida and within this District.  *See Meier*, 288 F.3d at 1269 ("Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.")

### 2. Hon Hai's Activities Comport with Due Process

Hon Hai is further subject to specific jurisdiction in Florida because it has "purposefully avail[ed]" itself of the jurisdiction of Florida courts by placing "product[s] into the stream of commerce" and engaging in "[a]dditional conduct [that] indicate[s] an intent to serve the market in [Florida]." *See Vermeulen*, 985 F.2d at 1547 (analyzing *Asahi Metal*, 480 U.S. at 107).  There can be no reasonable dispute that Hon Hai placed its V-Chip Receivers in the stream of commerce, and that these V-Chip Receivers ended up in Florida.  Hon Hai cannot now credibly argue that it should not be haled into court in Florida to respond to claims relating to the sale of those V-Chip Receivers.

Beyond placing its products in the stream of commerce, Hon Hai has also engaged in "additional conduct" subjecting it to specific personal jurisdiction.  *See Vermeulen*, 985 F.2d at

1548. Such "additional conduct" includes Hon Hai's announcement of its intention to engage in "distribution" in Florida (D.E. 16–J at p. 4 of 7, ln. 8), its license to transact business in Florida since 2003 (D.E. 16–J), and its registered agent in this State to whom service of process may be delivered (D.E. 16–A). Moreover, Hon Hai has admitted that it sometimes directly ships its products to Florida (Def. Mot. at 10), that it makes sales to Florida purchasers, that it owns or rents property in Florida, and that it even pays Florida state taxes. (D.E. 25–A.) *Cf. J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2786, 2790 (2011) (finding that specific jurisdiction did not exist in the forum in part because the defendant did not sell any products directly to the forum state and it "neither paid taxes nor owned property there").

Hon Hai contends that specific jurisdiction does not apply because a forum selection clause in the V-Chip Agreement purportedly stating that the "parties agreed they would be amenable to jurisdiction" in New York opposed to Florida. (Def. Mot. at 12–13.) But as described in Wi-LAN's concurrently filed opposition to Hon Hai's Motion To Transfer Venue (D.E. 26), the forum selection clause is permissive and non-exclusive, suggesting that Hon Hai should "have reasonably expected itself to be haled" into other courts besides New York.

**D. Jurisdictional Discovery is Expected to Reveal Even More Contacts With Florida.**

Wi-LAN believes that the facts discussed above demonstrate that Hon Hai is subject to personal jurisdiction in Florida. Should the Court have concerns about the quantum or quality of this evidence, however, Wi-LAN asks the Court to allow it to take jurisdictional discovery from Hon Hai on an expedited basis to establish that Hon Hai is amenable to suit in this forum. *See Nissim Corp v. ClearPlay, Inc.*, 351 F. Supp. 2d 1343, 1350 (S.D. Fla. 2004) ("Even if the Court agreed that [plaintiff's] evidence were insufficient to create a *prima facie* case, [plaintiff] would be entitled to discovery on these jurisdictional facts so that a 'meaningful ruling' could be made .

15

. . ."); *In Re Farmland*, 2007 U.S. Dist. LEXIS 23872, at *8, *17 (allowing plaintiffs to conduct depositions re jurisdiction and discussing documents produced by defendants); *Consol. Dev. Corp.*, 216 F.3d at 1290 ("The magistrate judge permitted Consolidated to conduct limited discovery on the question of jurisdiction, and allowed the plaintiffs to file a supplemental memorandum on jurisdiction after taking the deposition.").

Among other things, Wi-LAN seeks to depose the individuals who submitted declarations in support of Hon Hai's Motion to Dismiss, which are seemingly controverted by other statements made by Hon Hai. For example, S&B/Sutech's affidavit states that it owns or leases property in its own name (D.E. 25–B), but FoxConn is listed as the owner of the Florida subsidiaries' property on a Notice of Commencement concerning construction. (D.E. 16–M.) *See Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1287 (S.D. Fla. 2005) (concluding that summary judgment would be inappropriate because "Plaintiffs were not provided with any opportunity to depose the declarants prior to responding to the [motion for summary judgment], and such depositions may ultimately reveal facts conflicting with those stated in the Declarations"). Further, Wi-LAN should be permitted to obtain deposition and other discovery from Hon Hai, including with respect to Hon Hai's Florida income taxes, sales to Florida purchasers, property owned in Florida, its relationship to FoxConn, its relationship to S&B/Sutech, and the activities of S&B/Sutech. *See Consol. Dev. Corp.*, 216 F.3d at 1290 (noting that the district court allowed limited jurisdictional discovery and allowed the plaintiffs to file a supplemental memorandum on jurisdiction after taking depositions). *See also Nissim*, 351 F. Supp. 2d at 1350–51 (finding that a denial of leave "to take discovery and present contrary evidence [to defendant's affidavit] would establish a 'rule [that] would empower a

defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff.'") (alteration in original).

Wi-LAN believes that jurisdictional discovery will further confirm the propriety of exercising personal jurisdiction over Hon Hai, and respectfully asks the Court to defer its ruling on Hon Hai's Motion to Dismiss pending the results of such discovery should the Court be undecided based on Hon Hai's contacts with Florida discussed above.

## IV.    CONCLUSION

Wi-LAN has pled facts in its Amended Complaint that support both specific and general jurisdiction over Hon Hai, both as a result of Hon Hai's own substantial and continuous contacts with Florida, and as a result of the contacts of FoxConn and S&B/Sutech.  Thus, Hon Hai's motion to dismiss should be denied.  In the alternative, Wi-LAN respectfully requests that the Court grant leave for jurisdictional discovery followed by a supplemental memorandum, so that Wi-LAN may obtain additional information to further support its allegations and allow the Court to make an informed decision on an even more developed record.

Dated:  January 4, 2013

Respectfully submitted,

*/s/ Samuel O. Patmore*
JAY B. SHAPIRO, ESQUIRE
Florida Bar No. 776361
Email:  jshapiro@stearnsweaver.com
SAMUEL O. PATMORE, ESQUIRE
Florida Bar No. 096432
Email:  spatmore@stearnsweaver.com
Stearns Weaver Miller Weissler
  Alhadeff & Sitterson, P.A.
150 West Flagler Street
Suite 2200—Museum Tower
Miami, FL  33130
Telephone:  305.789.3200
Telecopy:    305.789.2647

*Of Counsel:*

Constance S. Huttner
Stephanie Lollo Donahue
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26th Floor
New York, NY 10103
Tel:  (212) 237-0000
Fax:  (212) 237-0100
chuttner@velaw.com
sdonahue@velaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Edward M. Mullins
emullins@astidavis.com
Regan Noelle Kruse
rkruse@astidavis.com
Jenelle E. La Chuisa
lachuisa@astidavis.com
ASTIGARRAGA, DAVIS, MULLINS
 & GROSSMAN, P.A.
701 Brickell Avenue
16th Floor
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

Peter J. Wied
pwied@goodwinprocter.com
GOODWIN PROCTER L.L.P.
601 South Figueroa Street
41st Floor
Los Angeles, CA 90017
Tel: (213) 426-2638
Fax: (213) 623-1673

*Counsel for Defendant Hon Hai Precision Industry Co. Ltd.*

  /s/ Samuel O. Patmore