UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

WI-LAN INTERNATIONAL TAIWAN, INC.,

      Plaintiff,

 - vs -

HON HAI PRECISION INDUSTRY CO., LTD.,

      Defendant.
_____/

**DEFENDANT HON HAI PRECISION INDUSTRY CO., LTD.'S
REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

In its response (DE 42) to Defendant Hon-Hai's Motion to Transfer (DE 26), Wi-LAN admits, as it must, that this case bears absolutely no relation to Florida:  neither the witnesses, nor the documents, nor the underlying events are located here.  Wi-LAN also admits, as it must, that the case does have ties to New York:  the contract is governed by New York law, the parties expressly contemplated litigation taking place in New York, and the parties consented to jurisdiction in New York.  This alone is sufficient basis for the Court to transfer the case to New York.  Moreover, this Court can transfer the case to New York without ruling on whether, as the plaintiff contends, the case should be remanded to state court.  Indeed, Wi-LAN cites no authority for its position that its remand motion must be considered before the Court can transfer the case.  Instead, the more logical solution would be for the Court that (for the reasons argued on this Motion) properly should handle the case if a remand were to be denied – a court in the Southern District in New York – make the very important decision as to whether the federal courts have subject matter jurisdiction and thus that Defendant Hon Hai properly exercised its

federal right to remove this action.

Wi-LAN completely ignores the judicial economies that would arise from a transfer to New York. Substantial questions exist regarding jurisdiction over Hon Hai in this forum, questions which would be rendered moot by a transfer to New York. Moreover, there is no need for this Court to separately address questions that will necessarily be addressed by the court in New York, including federal jurisdiction. Thus the interests of justice provide a further basis for the Court to transfer the case to New York.

Having consented to jurisdiction in New York for issues arising out of its contract with Hon Hai, Wi-LAN instead chose to forum shop and file its claims in Florida, a state that Wi-LAN admits has absolutely no relationship to this case or the parties. For all these reasons, the Court should transfer the case to New York.

I.   **This Case Has No Relationship to Florida**

Notably absent from Wi-LAN's opposition is any attempt to show that this forum is convenient or appropriate or even relevant for either of the parties. Plaintiff has not provided any reason why having this case tried in Florida makes any sense whatsoever. Instead, Wi-LAN relies on broad propositions about a plaintiff's choice of forum, without taking into consideration the facts presented in this case.

Wi-LAN's reliance on its choice of this forum fails for two reasons. First, while the law recognizes some deference should be given to a plaintiff's chosen forum, that deference is proportional to the plaintiff's or the lawsuit's connection to the forum. Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (transferring patent infringement case). Here, neither the lawsuit nor the plaintiff has any connection to this forum, and thus the proportional deference given to Plaintiff's selection of this forum is zero.

Second, Wi-LAN cannot claim that a transfer to New York would deprive it of a forum of its choosing, because Wi-LAN already chose New York as a possible forum in the contract that is at issue. See Sachs v. Bankers Life & Cas. Co., 2012 U.S. Dist. LEXIS 72498 (S.D. Fla. May 24, 2012) (noting that a forum selection clause is "a significant factor").

Wi-LAN does not dispute the existence of the forum selection clause, but instead argues it is entitled to less deference because it is non-exclusive. Even a lowered degree of deference, however, outweighs Wi-LAN's arbitrary choice of a forum that has no connection to the parties or the litigation.

Thus, even the sole factor that Wi-LAN cites as favoring keeping the litigation in this forum does not withstand scrutiny. Setting aside the generic statements about a plaintiff's choice of forum, the lack of connections to this forum and the prior agreed-upon choice of New York as a suitable forum (even if a non-exclusive selection), show that Wi-LAN has presented no basis for this Court to retain this case.

## II.     Judicial Economy Favors Transfer to New York

While Wi-LAN focuses solely on the median time to trial in the two districts, it does not address the actual burdens on *this* Court from retaining *this* case. When the specific circumstances of this litigation are considered, judicial economy favors transfer.

First and foremost, litigation in Florida raises substantial questions regarding whether personal jurisdiction can be exercised over the Hon Hai, a foreign company with limited contacts with Florida. Both the Court and the parties would be required to expend substantial resources to resolve the question if the case is not transferred. And, while Wi-LAN has responded to the motion to dismiss (DE 41), in its response, it states that it also would seek discovery on the personal jurisdiction issue. Hon Hai contends that such discovery has been waived, but if the

Court nonetheless permits Wi-LAN to conduct discovery, a significant amount of judicial and party resources would be expended on discovery that could be avoided if this case simply were transferred.[1] If the case is transferred to the Southern District of New York, neither this Court nor the court in New York would need to address the issue, as the parties have clearly consented to personal jurisdiction in New York. Thus, judicial economy in fact favors transfer.

Second, the contract at issue is governed by New York law, with which obviously a court in New York will be more familiar. While Wi-LAN is correct that this Court can construe New York law when appropriate, that does not mean that it makes sense for this Court to do so when there is no other basis for the case being in Florida, and the parties specifically contemplated that their disputes would be heard in New York. Although both courts may be capable of construing the contract under New York law, a court in New York would require fewer judicial resources to do so, and thus judicial economy again favors transfer.

Finally, looking at the relative crowding of the respective Courts' dockets, rather than just the time to trial, shows that judicial economy favors transfer. For Fiscal Year 2011, this Court had 647 weighted filings per judgeship, while the Southern District of New York had only 493 weighted filings per judgeship. See Ex. 1, Rep. of Jud. Business of the U.S. Cts. at Table X-1A (2011). Thus despite the faster time to trial, this Court's docket is actually 30% more crowded than that of the Southern District of New York. This disparity is further exacerbated by the fact that two judicial emergencies currently exist due to vacant judgeships in this District, while there are none in the Southern District of New York, meaning this Court's docket is even more crowded that the statistics suggest. See Ex. 2, http://www.uscourts.gov/ JudgesAndJudgeships/JudicialVacancies/JudicialEmergencies.aspx.

---

[1] Furthermore, this question would need to be resolved regardless of whether this Court chooses to remand the case to state court. Therefore, it would be more efficient to transfer the case and let the court in New York decide the remand issue, which could be done without the need to address personal jurisdiction simultaneously.

In short, there is no reason for this Court to keep a case that has no connection to this forum and could be resolved with the expenditure of fewer judicial resources in the Southern District of New York.

### III. Remaining Factors are Neutral or Favor Transfer to New York

Regarding the remaining factors, Wi-LAN essentially argues that the two forums are equally inconvenient, as there are no witnesses or documents in either location. Opp. at 10. This ignores the fact, however, that the parties explicitly contemplated litigation in New York, while there is no indication that either party contemplated litigation in Florida. Thus, the parties agreed that New York would be convenient, while (as is apparent) there is substantial disagreement about the convenience of Florida. While Wi-LAN claims to have an office in Miami, that office was first opened in early 2012, long after the contract at issue was negotiated and signed. Moreover, Wi-LAN admits that neither witnesses nor documents are located in that office.

At a minimum, there is no evidence that New York would be more inconvenient than Florida for any witness or evidence. Thus these factors are at least neutral, or favor transfer based upon the parties' prior agreement that New York was not inconvenient.

### IV. Pending Litigation in New York Is Irrelevant to Transfer

Hon Hai's request to transfer this case does not depend upon the existence of litigation between the parties in New York. Indeed, contrary to Wi-LAN's assertion, nowhere in its Motion to Transfer did Hon Hai argue that the pending declaratory judgment action in New York was a factor to be considered in determining whether to transfer this case.

The declaratory judgment action filed by Hon Hai in New York is not based upon Wi-LAN's filing of this litigation. On the contrary, as is evident from the face of the declaratory judgment complaint, it is based upon Wi-LAN's prior communications with Hon Hai asserting

5

that Hon Hai's products infringe the '402 Patent and that Hon Hai owed royalties under the license agreement, as well as Wi-LAN's assertion of infringement claims against LG Electronics products that operate in substantially the same manner as Hon Hai products. See Case No. 12-cv-7900, D.E. 1 at ¶¶10-15. The declaratory judgment action is not a response to this litigation, but instead an attempt to resolve a "definite and concrete" dispute between the parties, consistent with the Supreme Court's holding in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007).[2]

The Court should disregard Wi-LAN's mischaracterization of the New York action and ignore Wi-LAN's attempt to paint Hon Hai as forum shopping. The reality is that Wi-LAN engaged in forum shopping by filing suit in this forum, which has no connection to either the dispute or the parties, while Hon Hai filed in the forum in which Wi-LAN, a foreign corporation, had consented to personal jurisdiction and the parties agreed was a proper forum to hear any disputes. Transfer of this case is appropriate regardless of whether or not there is pending litigation in New York, because all of the factors that the Court should consider either support transfer or are neutral.

## V. CONCLUSION

Wi-LAN cannot point to a single factor that favors hearing this case in this forum, which by Wi-LAN's own admission has no connection to the matter. Instead, judicial economy favors a transfer, including the fact that issues of personal jurisdiction would not need to be resolved if the case is transferred. The parties clearly contemplated the possibility of proceedings in New York, and thus Wi-LAN cannot claim that forum is inconvenient. Hon Hai respectfully requests that the Court transfer the case to the Southern District of New York for all further proceedings.

---

[2] While Wi-LAN asserts that "the claims asserted by Hon Hai in the SDNY action substantially mirror its affirmative defenses to Wi-LAN's breach of contract claims here," Opp. at 4, given that Hon Hai has not yet answered the Complaint in this case and therefore has not yet asserted any affirmative defenses to Wi-LAN's breach of contract claims here, there is no basis for Wi-LAN's statement other than pure speculation.

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

Dated: January 9, 2013

Respectfully submitted,

GOODWIN PROCTER LLP
Peter J. Wied*
pwied@goodwinprocter.com
601 South Figueroa Street, 41st Floor
Los Angeles, California  90017
Tel.:  (213) 426-2638 / Fax:  (213) 623-1673
*Admitted pro hac vice

ASTIGARRAGA DAVIS MULLINS
   & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Tel.: (305) 372-8282 / Fax:  (305) 372-8202

By:     /s/ Jenelle E. La Chuisa
    Edward M. Mullins, Esq. (Fla. Bar No. 863920)
    emullins@astidavis.com
    Jenelle La Chuisa (Fla. Bar No. 539988)
    lachuisa@astidavis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     /s/ Jenelle E. La Chuisa
    Jenelle E. La Chuisa (Fla. Bar No. 539988)

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

**SERVICE LIST**
*Wi-Lan International Taiwan, Inc. v. Hon Hai Precision Industry Co. Ltd.*
Case No.: 12-cv-62097-DIMITROULEAS/SNOW
United States District Court, Southern District of Florida

<u>*Counsel for Plaintiff*</u>

Jay B. Shapiro
jshapiro@stearnsweaver.com
Samuel O. Patmore
spatmore@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida  33130
Telephone:  (305) 789-3200
Facsimile:  (305) 789-3395

Electronically served via CM/ECF

<u>*Of Counsel for Plaintiff*</u>

Constance S. Huttner*
chuttner@velaw.com
Clifford Thau
cthau@velaw.com
Stephanie Lollo Donahue*
sdonahue@velaw.com
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 26thFloor
New York, New York  10103
Telephone:  (212) 237-0000
Facsimile:   (212) 237-0100
*Admitted pro hac vice*

Electronically served via CM/ECF


David B. Weaver
dweaver@velaw.com
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Telephone:  (512) 542-8400
Facsimile:  (512) 542-8612

Served via Regular U.S. Mail