**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

WI-LAN INTERNATIONAL TAIWAN, INC.,

      Plaintiff,

  - vs -

HON HAI PRECISION INDUSTRY CO., LTD.,

      Defendant.

_____/

**DEFENDANT HON HAI PRECISION INDUSTRY CO., LTD.'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

In its response (filed under seal at DE 44) to Defendant Hon-Hai's Motion to Dismiss (DE 25), Wi-LAN relies on innuendo and speculation, rather than facts. Moreover, Wi-LAN tries to apply an erroneous legal standard, suggesting that personal jurisdiction can be based upon appearances, rather than a party's actual activities. Wrong on both the facts and the law, Wi-LAN has not met its burden to establish that this Court has personal jurisdiction over Hon Hai, and the Court should dismiss the case.[1]

In arguing for personal jurisdiction, Wi-LAN at various times points to three categories of alleged contacts with Florida that it maintains satisfies the minimum contacts requirement for personal jurisdiction: 1) Hon Hai's actual contacts with Florida in shipping certain products to warehouses in Florida and in being registered to do business in Florida; 2) the presence of two entities (S&B Industry Inc. ("S&B") and Sutech Industry Inc. ("Sutech")) that Wi-LAN attempts

---

[1] As noted in Hon Hai's motion to transfer (DE 26), should the Court grant that motion and transfer the case to the Southern District of New York, the question of personal jurisdiction becomes moot, as both parties have explicitly consented to jurisdiction in New York. In that case, the Court need not rule on this motion, as the Court has authority to transfer the case even if it does not have personal jurisdiction over Hon Hai. See 28 USC 1406(a).

to tie to Hon Hai; and 3) various activities under the trade name "Foxconn" that Wi-LAN attempts to attribute to Hon Hai. None of these, however, meets the legal requirements to establish personal jurisdiction over Hon Hai. Hon Hai's direct contacts are unrelated to the cause of action and are insufficient to establish general jurisdiction, the two entities in Florida do not meet the legal standard to be attributed to Hon Hai, and Wi-LAN's theory about the use of a common trade name is contrary to Supreme Court precedent.

I. **Hon Hai's Contacts with Florida are Insufficient to Establish Personal Jurisdiction**

Admittedly, Hon Hai is registered to do business in Florida and has a registered agent in Florida. This, however, does not establish general personal jurisdiction over Hon Hai. See In Re: Farmland Indus., Inc., 2007 U.S. Dist. LEXIS 23872 at *38-39 (M.D. Fla. 2007) ("This Court agrees with those cases holding that registering to do business and appointing a registered agent in the state of Florida, without more, does not subject a foreign corporation to the general personal jurisdiction of the state"); Consolidated Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2000) ("Courts of appeals that have addressed this issue have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation."); Sofrar, S.A. v. Graham Eng'g Corp., 35 F. Supp. 2d 919, 921 ("The Fifth Circuit has been consistent in finding that the appointment of an agent for process and registration to do business does not suffice to satisfy the criteria for the exercise of general jurisdiction."). Wi-LAN provides no contrary legal authority; instead, it simply tries to distinguish the facts of those cases with the facts of this case. The relevant question, however, is not whether the facts of this case match exactly those of another case, but whether the legal principles announced in those cases, when applied to facts of this case, permit the Court to exercise general personal jurisdiction. The legal principle – that registering to do business and

appointing an agent for service of process does not convey, without more, general jurisdiction – means that general personal jurisdiction over Hon Hai cannot be based simply on those facts. The notion that an entity who registers an agent for process – as it is required to do under Florida law – thereby has agreed that personal jurisdictions exists over it in any case does not comport with logic or due process under recent U.S. Supreme Court precedent.

Similarly, the facts that Hon Hai makes some shipments to Florida and has some sales in Florida also do not establish general personal jurisdiction. Wi-LAN does not dispute that those shipments are a miniscule fraction of Hon Hai's sales, but instead seeks to focus on the absolute dollar amount of those shipments. See DE 28. The Supreme Court, however, has rejected such a "sprawling view of general jurisdiction" where "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, where its products are distributed." See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2856 (2011). Instead, general jurisdiction must be based on where Hon Hai fairly can be "regarded as at home," a principle place of business or place of incorporation constituting "paradigmatic" examples. Id. at 2853-54. Hon Hai has no offices, no employees, and no bank accounts in Florida, and thus it cannot be a principal place of business for Hon Hai. DE 25 Ex. A (Pai Decl.) ¶¶8-9, 12. Likewise, Hon Hai is not incorporated in Florida. Id. ¶2. There is simply no basis to find general personal jurisdiction over Hon Hai in Florida.

Likewise, Hon Hai's registration to do business in and shipments to Florida cannot support specific personal jurisdiction over Hon Hai, either. Those shipments do not involve the digital televisions that are purportedly the subject of the contract at issue, id. ¶11, and thus there is not the requisite "direct affiliation, nexus, or substantial connection" between those shipments and Wi-LAN's cause of action for specific jurisdiction. See Gadea v. Star Cruises, Ltd., 949 So.

2d 1143, 1149-50 (Fla. 3d DCA 2007).  Wi-LAN does not argue otherwise.

Wi-LAN attempts to mislead this Court by alleging that digital televisions manufactured by Hon Hai are sold in Florida.  Hon Hai manufactures televisions for certain brand name television companies such as Sony and Vizio, but Hon Hai does not sell televisions under its own brand name in the United States.  Thus, even if a brand name company were to sell televisions in Florida that are manufactured by Hon Hai, the fact that third parties chose to bring products manufactured by Hon Hai into this forum does not support personal jurisdiction over Hon Hai; jurisdiction must be based upon *Hon Hai's* activities in Florida, not a third party's.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 296 (1980) (a seller does not "appoint the chattel his agent for service of process"); Hanson v. Deckla, 357 U.S. 235, 253 (1958) ("unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2789 (2011) (personal jurisdiction must be based on the defendant's actions).

Hon Hai's direct contacts with Florida are neither substantial enough to establish general personal jurisdiction, nor related enough to the issues in the case to establish specific personal jurisdiction.

II.     **The Presence of Other Entities Does Not Establish Personal Jurisdiction over Hon Hai**

Wi-LAN next tries to attribute the presence of two companies, S&B and Sutech, to Hon Hai in an attempt to establish additional contacts by Hon Hai with Florida.  The law is clear, and Wi-LAN cites no authority to the contrary, that the presence or actions of a subsidiary can be attributed to a parent only when the parent controls the day-to-day operations of the subsidiary. Schwartzberg, 98 So. 3d 181 (quoting Res. Healthcare of Am., Enc. v. McKinney, 940 So. 2d 1139, 1143 (Fla. 2d DCA 2006)); Digitech Info. Sys., Inc. v. Ally Fin. Inc., 2011 WL 3875407,

4

2011 U.S. Dist. LEXIS 98662at *9 (M.D. Fla. 2011); Enic, PLC v. F.F. South & Co., Inc., 870 So. 2d 888, 891-92 (Fla. 5th DCA 2004) (finding no personal jurisdiction when parent did not control the "internal day-to-day affairs of the subsidiary"); General Cigar Holdings, inc. v. Altadis, S.A., 205 F. Supp. 2d 1335 (S.D. Fla. 2002) (finding no personal jurisdiction when parent did not control the subsidiary's daily "basic operation."). Wi-LAN has failed to meet this legal requirement and this Court should not consider S&B and Sutech in determining personal jurisdiction over Hon Hai.

Instead, the affidavits submitted establish that Hon Hai is not involved in the operation of S&B or Sutech. DE 25 Ex. B (Hsiung Decl.) ¶¶4-6; DE 25 Ex. A (Pai Decl.) ¶7. While Wi-LAN is entitled inferences in its favor when there is a genuine dispute regarding the facts, it cannot counter the submitted affidavits simply with attorney argument and allegations. See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 602 (Fla. 2d DCA 2007) (holding where defendant provides affidavits to contest jurisdiction "the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists.")

Second, it is clear that Wi-LAN never would be able to establish the requisite level of control because Hon Hai is not the ultimate parent of S&B and Sutech. Instead, the ultimate parent of S&B and Sutech is Foxconn International Holdings ("FIH"), a separate, publicly traded company which is distinct from Hon Hai. DE 25 Ex. A (Pai Decl.) ¶¶3, 5; DE 25 Ex. B (Hsiung Decl.) ¶2. Thus, for Wi-LAN's argument to succeed, it would have to prove that Hon Hai so dominates the day-to-day operations of a publicly-traded company, FIH, that they should be considered the same entity, and that FIH dominates the day-to-day operations of its subsidiaries S&B and Sutech. Not only has Wi-LAN provided no evidence of such a relationship, and not

only do the submitted affidavits refute such a claim, there is no reason to believe Wi-LAN ever could supply the necessary evidence. Such a position strains credulity, unless one is willing to assert that the regulation of the public markets is so meaningless and nonexistent as to allow the same entity to trade as two separate companies on two separate stock exchanges.

Even if the Court were to consider the actions of S&B and Sutech attributable to Hon Hai, it still would be insufficient to establish personal jurisdiction. S&B and Sutech's activities are unrelated to digital televisions, and thus cannot serve as a basis for specific personal jurisdiction. DE 25 Ex. B (Hsiung Decl.) ¶3. Nor are S&B and Sutech's activities sufficient to establish that Florida is Hon Hai's "home" or a principal place of business, which would be required for a finding of general personal jurisdiction. Having failed to meet these two legal standards, Wi-LAN has not, and cannot, established that personal jurisdiction over Hon Hai exists.

### III. Various Activities under the Trade Name "Foxconn" Do Not Establish Personal Jurisdiction over Hon Hai

Wi-LAN spends much of its opposition suggesting the existence of an overarching "Foxconn" entity that is supposedly subject to personal jurisdiction. (It is unclear whether Wi-LAN is alleging that Hon Hai is this "Foxconn" entity or whether "its" activities are merely attributable to Hon Hai for purposes of personal jurisdiction.) These arguments are based upon mischaracterization of the holding in Pappalardo v. Richfield Hospitality Servs., Inc., 790 So. 2d 1226 (Fla. 4th DCA 2001). While Pappalardo discusses whether the existence of parent and subsidiary corporations can give rise to a "reasonable belief" that the parents dominated the subsidiaries, the "reasonable belief" discussed in that case related to a party's state of mind in making such an allegation, not whether it is sufficient evidence of the truth of that allegation. In fact, in Pappalardo, the court found that there was *no* personal jurisdiction, and the question

6

being addressed was whether the claim was "so clearly devoid of merit both on the facts and the law as to be completely untenable and frivolous." Id. at 1228. Were Hon Hai seeking sanctions from Wi-LAN for asserting personal jurisdiction based upon various activities under the trade name "Foxconn," this case would be relevant. In the present context of this Court determining whether it has actual personal jurisdiction over Hon Hai, the subjective mindset of Wi-LAN is irrelevant.

Wi-LAN offers no other authority for the suggestion that the appearance of a single "Foxconn" entity to others is sufficient to disregard the reality of separate corporate structures. Indeed, personal jurisdiction must be based on a party's actual actions, not the expectations or perceptions of either the party or a third party. See J. McIntyre Mach., 131 S. Ct. at 2789. Moreover, as Wi-LAN itself points out, the agreement that is in dispute covers both Hon Hai "and/or its affiliates," indicating that Wi-LAN was at least on notice that different corporate entities may be involved in the manufacture of V-Chip Receivers.

Thus, the fact that different corporate entities may share the domain name "Foxconn.com" for email purposes does not make those companies a single entity for personal jurisdiction purposes. The fact that a website might point to locations of affiliated, but legally independent, corporate entities also does not render the corporate formalities meaningless. The fact that multiple companies may use a common trademark or trade name does not create some separate entity based on that use. Wi-LAN has provided no facts that would support a theory that use of a common trade name defeats the separate identify of FIH, Hon Hai, Sutech and S&B.

Indeed, the unreasonableness of Wi-LAN's position can be seen in the Supreme Court's holding in Goodyear. In that case, the Supreme Court held that no personal jurisdiction existed over Goodyear Luxembourg Tires, SA, Goodyear Lastikleri T.A.S., or Goodyear Dunlop Tires

France. See Goodyear, 131 S. Ct. at 2851-52. If Wi-LAN's position that the common use of the name "Foxconn" by different entities is sufficient to grant personal jurisdiction over any entity using that trade name, then the common use of the trade name "Goodyear" – a much more commonly recognized trade name than "Foxconn" -- would have conveyed personal jurisdiction over the foreign "Goodyear" entities. Since the Supreme Court did not find such jurisdiction to exist, this Court must disregard Wi-LAN's attempt to manufacture jurisdiction based on the term "Foxconn."

**IV.     Wi-LAN Should Not Be Allowed a Discovery Fishing Expedition**

Unable to establish a *prima facie* case of personal jurisdiction even after amending its Complaint, Wi-LAN now suggests that it should be allowed to take discovery in yet another attempt to meet its burden. The Court should reject this request and dismiss the case for at least three reasons.

First, the Court should deny the request for additional discovery because Wi-LAN made no effort to obtain the purportedly necessary discovery before filing its opposition. Despite knowing of Hon Hai's position since the first motion (DE 7) was filed on October 31 -- two months before it responded --- Wi-LAN has not served **any** discovery requests on Hon Hai related to jurisdictional issues.

Furthermore, Wi-LAN already sought an enlargement of time to file its opposition (DE 36), but made no mention of needing an enlargement in order to take the discovery Wi-LAN now claims it needs. If the Court grants the motion to dismiss, it will not be denying Wi-LAN the opportunity to take discovery on the issue; Wi-LAN has had the opportunity for more than two months and simply chose not to exercise it.

8

Second, Wi-LAN is not entitled to a "second bite at the apple" on the motion to dismiss. A party is entitled to a single response to a motion pursuant to the local rules. See S.D. Fla. LR 7.1(c). Wi-LAN is not entitled to provide a preliminary response to Hon Hai's motion to dismiss in hope that it can avoid its requisite burden of actually establishing a record to contest Wi-LAN's evidentiary showing but then leaving itself an out if the Court thinks it needs to do so. Neither the local rules nor the Venetian Salami paradigm authorizes this procedure. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989). The requirement of presenting your entire, singular opposition to a motion to dismiss for lack of jurisdiction at one time is no different than that which is required to oppose summary judgment – *i.e.*, a party cannot file a "preliminary" response to a summary judgment motion and also tell the Court that if the Court does not agree with the party's legal points that it also seeks leave to conduct some discovery. That ship has sailed.

Third, discovery should not be permitted in any event because there is no reasonable expectation that it would result in a different outcome. As argued supra, discovery regarding S&B and Sutech would be futile, since the ultimate proposition that Wi-LAN would need to prove – that Hon Hai and Foxconn International Holdings are effectively the same company, despite each being publicly traded on different stock exchanges and subject to government regulation in each of those jurisdictions – is simply implausible. Likewise, Wi-LAN's suggestion that Hon Hai's shipments may be larger than apparent from its Florida tax returns is a red herring. There is no reason to believe that any amount of discovery would allow Wi-LAN to show that Florida, a place where Hon Hai has no employees, no offices, and no bank accounts, is a principle place of business for Hon Hai. Discovery would serve only to delay the inevitable, prejudice to Hon Hai, and waste judicial resources if Wi-LAN were allowed improperly to have

a second bite at this apple.

## V.     Conclusion

Wi-LAN has failed to meet its burden to establish a *prima facie* case for personal jurisdiction over Hon Hai.  Wi-LAN's opposition is based on erroneous legal standards and irrelevant allegation of facts.  Hon Hai respectfully requests that the Court dismiss this case for lack of personal jurisdiction over Hon Hai on the closed record before it.

Dated:  January 11, 2013                                  Respectfully submitted,

GOODWIN PROCTER LLP
Peter J. Wied (*pro hac vice*)
pwied@goodwinprocter.com
601 South Figueroa Street, 41st Floor
Los Angeles, California  90017
Telephone:  (213) 426-2638
Facsimile:   (213) 623-1673

ASTIGARRAGA DAVIS MULLINS
   & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202


By:    */s/ Edward M. Mullins*
       Edward M. Mullins (Fla. Bar No. 863920)
       emullins@astidavis.com
       Jenelle E. La Chuisa (Fla. Bar No. 539988)
       lachuisa@astidavis.com

*Counsel for Defendant*

Case No. 12-62097-CIV-DIMITROULEAS/SNOW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the Service List by some authorized manner for counsel or parties who are not authorized to receive Notice of Electronic Filing.

By: */s/Edward M. Mullins*
Edward M. Mullins, Esq. (Fla. Bar No. 863920)

### SERVICE LIST
*Wi-Lan International Taiwan, Inc. v. Hon Hai Precision Industry Co. Ltd.*
Case No.: 12-cv-62097-DIMITROULEAS/SNOW
United States District Court, Southern District of Florida

| *Counsel for Plaintiff* | *Of Counsel for Plaintiff* |
|---|---|
| Jay B. Shapiro | Constance S. Huttner* |
| jshapiro@stearnsweaver.com | chuttner@velaw.com |
| Samuel O. Patmore | Clifford Thau |
| spatmore@stearnsweaver.com | cthau@velaw.com |
| STEARNS WEAVER MILLER WEISSLER | Stephanie Lollo Donahue* |
|   ALHADEFF & SITTERSON, P.A. | sdonahue@velaw.com |
| Museum Tower, Suite 2200 | VINSON & ELKINS L.L.P. |
| 150 West Flagler Street | 666 Fifth Avenue, 26thFloor |
| Miami, Florida  33130 | New York, New York  10103 |
| Telephone:  (305) 789-3200 | Telephone:  (212) 237-0000 |
| Facsimile:  (305) 789-3395 | Facsimile:   (212) 237-0100 |
| | *\*Admitted pro hac vice* |
| Electronically served via CM/ECF | |
| | Electronically served via CM/ECF |
| | |
| | David B. Weaver |
| | dweaver@velaw.com |
| | VINSON & ELKINS L.L.P. |
| | The Terrace 7 |
| | 2801 Via Fortuna, Suite 100 |
| | Austin, Texas  78746 |
| | Telephone:  (512) 542-8400 |
| | Facsimile:  (512) 542-8612 |
| | |
| | Served via Regular U.S. Mail |

11

Case No. 12-62097-CIV-DIMITROULEAS/SNOW